## TOM SMOTHERMAN v. THE STATE.

### No. 3024.   Decided November 23, 1904.

**1.—Burglary—Charge of the Court—Recent Possession of Stolen Property.**

Where defendant who was tried for burglary did not make an explanation of his possession of property recently stolen, when his possession was first challenged, but did not attempt to do so, until after he was arrested and had given bond, there was no error in failing to charge on possession of property recently stolen.

**2.—Evidence—Sufficient to Support Conviction.**

Where the evidence in a case of burglary showed that the sugar, a few moments before it was taken, was placed in a safe by prosecuting witness, who fastened the door of her house, went to a neighbor and was gone but a few moments, and appellant was seen going away from the house, with a package under his arm, corresponding in size to the package of sugar in the house and wrapt in the same character of paper; the sugar being missed at the same time upon the prosecutor's re-entry of her house; these facts coupled with the similarity of the sugar found in appellant's home, together with his contradictory and false statements as to such possession are sufficient to support the conviction.

### ON REHEARING.

**3.—Charge of the Court—Circumstantial Evidence.**

In a case of burglary where the evidence is largely circumstantial, whether the property stolen is that found in defendant's possession, a charge on that character of evidence is sufficient, and a charge insisted upon by appellant that the jury should have been told that unless such property was positively identified as that stolen, defendant's statements with reference thereto should not be considered was correctly refused.

Appeal from the District Court of Shelby. Tried below before Hon. Tom C. Davis.

Appeal from a conviction of burglary; penalty, four years imprisonment in the penitentiary.

The opinion states the case.

*H. B. Short,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of burglary, his punishment being fixed at confinement in the penitentiary for a term of four years. The facts adduced on this trial are substantially the same as collated in the former appeal of this case. See 7 Texas Ct. Rep., 1023.

There is no bill of exceptions verifying the first ground of the motion complaining that the court erred in permitting witness, Allen Williams, to testify for the State; hence it cannot be reviewed.

The second ground of the motion complains that the court erred in failing to instruct the jury as follows: "Testimony has been introduced by the State to the effect that certain sugar was found in the defendant's possession at his house by the officer who made the arrest; and also to the effect that defendant then and there made a statement

to the officer concerning said sugar, and also to the effect that defendant bought said sugar from Mrs. Thomas, in the town of Joaquin, and also testimony tending to show that defendant did not get said sugar from Mrs. Thomas. Now, in connection with said testimony, you are instructed not to consider the same against the defendant under any circumstances, unless you further find from the other testimony in the case beyond a reasonable doubt that the sugar which defendant claims he got from Mrs. Thomas, and which was found in his house at the time of his arrest was the same sugar which had been recently taken from the house of Wallace Oulds, as charged in the bill of indictment. If you do find beyond a reasonable doubt that such sugar so found in defendant's possession as aforesaid was a part of the sugar taken from the house of Wallace Oulds, as charged in the indictment, if any, was taken, then such testimony above mentioned may be considered by you in connection with all the other testimony, in determining the guilt or innocence of defendant, under the rules of law heretofore given you." The court did not err in refusing this charge. It is altogether on the weight of the evidence. Nor do we think that the charge on recent possession of stolen property is necessary to be given, as presented by the facts of this case at all, since defendant did not make an explanation of his possession, when his possession was first challenged, such as required a charge upon recent possession. If he had, then a charge on recent possession would have been pertinent. Jackson v. State, 28 Texas Crim. App., 143. But since the case of Allen v. State, 4 Texas Crim. App.. 581, this court has held that an explanation by defendant of his possession of stolen property made on other occasions than when first found in possession of it or accused, is not admissible in his favor. See also Taylor v. State, 15 Texas Crim. App., 356. The record before us shows that appellant was arrested at night for the theft of the sugar. The next day he gave bond, and after giving bond was the first time he made any explanation. Any declaration or explanation then made would be self-serving, and would not require a charge on recent possession of stolen property.

The fourth ground of the motion complains that the court failed to charge on the issue of alibi. The court did so charge, and the charge is all that appellant could ask.

Appellant in his brief and argument insists that the evidence is not sufficient to support the conviction. While it is circumstantial, yet it is of that conclusive character, taken as a whole, that irresistibly leads to the conclusion that appellant and no one else took the sugar out of prosecuting witness' house. A few moments before the sugar was taken, prosecuting witness placed the same in the safe, fastened the door of her house, went to a neighbor's and was gone a few minutes; and appellant was seen going away from the house, with a package under his arm, corresponding in size to the package of sugar in the house, and wrapped in the same character of paper. Prosecuting witness entered the house immediately, and found the sugar was gone. These facts,

coupled with the similarity of the sugar found in appellant's home, and his contradictory and false statements as to his possession of the same, forces us to the conclusion that the verdict of the jury is supported by the evidence. The judgment is affirmed.

*Affirmed.*

HENDERSON, JUDGE.—This case is before us on motion for rehearing. Appellant in his motion, states that the instruction requested by him, which was copied in the opinion of the court, if not technically correct, was sufficient to have called the trial court's attention to the law applicable to the testimony. It might be inferred from the original opinion, that appellant had requested the instruction therein copied. But such is not the case. In the motion for new trial, he raised the objection embraced in said statement, insisting that the court should have given an instruction of that character. We understand the contention of appellant is, that the court should have instructed the jury specifically in regard to the identity of the sugar found in appellant's house, as being that taken from the burglarized premises; and in that connection have told the jury that they could not consider any statements made as to how appellant should have acquired said sugar, as evidence against him, unless they believed the sugar found in possession of appellant was the same sugar as that taken from the house of the prosecutor. We would observe, as stated in the original opinion, if the court had charged as suggested by appellant, it would have been a charge upon the weight of the evidence. However, should the court have charged on the subject at all? The court did charge on circumstantial evidence, and the case against appellant depended on a number of circumstances; among others, that he was found in possession of sugar, claimed to be identified by prosecutor as taken from the burglarized house. We are aware of no authority which would require the court to instruct the jury as to any particular circumstance claimed by the State to be of a criminative character. In this connection, however, it is urged that the jury should have been told they could not regard the contradictory statements of appellant with regard to how he obtained the sugar, unless they determined that the particular sugar found in appellant's possession was that taken from the burglarized premises. We do not understand from this that it is insisted the court should have given a charge on explanation in connection with recent possession, but merely that the court should have singled out the sugar found at appellant's house, and instructed the jury, unless they determined it was the identical sugar taken from prosecutor's house, they could not consider what was said by appellant as to how he obtained said sugar. This is a different proposition from that involved in recent possession connected with an explanation. While the court is required to charge on that subject, we know of no authority or rule in a case of circumstantial evidence that would require a charge of the character insisted on by appellant. In our opinion an instruction on circumstantial evidence covers the whole

case, including all the circumstances. Of course, if the jury believed that the identity of the sugar found in appellant's possession was an important link, and the proof, in their opinion, failed to establish its identity, they would reject all that was said in regard thereto; because the main fact being eliminated, it would dispose of the incidental fact. We do not deem it necessary to review other matters presented in the motion, as, in our view, they are disposed of in the original opinion. The motion for rehearing is accordingly overruled.

*Overruled.*

Brooks, Judge, absent.