### KITTIE HARDWICK v. THE STATE.

#### No. 4102.   Decided December 12, 1908.

**Occupation Tax—Selling Malt Liquors without License—Information.**

Where upon trial for unlawfully pursuing the business of selling malt liquor without license, the information failed to allege the intoxicating quality of the malt liquor alleged to have been sold, the same was insufficient to sustain a conviction.

Appeal from the County Court of Potter. Tried below before the Hon. Sam R. Merrill.

Appeal from a conviction of unlawfully pursuing the business of selling malt liquor; penalty, a fine of $112.50.

The opinion states the case.

H. H. Cooper, for appellant.—Cited Sayles' Civil Statutes, art. 5060a; White's Ann. P. C., art. 411a; Petteway v. State, 36 Texas Crim. App., 97; 35 S. W. Rep., 646; Suddeth v. State, 18 Texas

Ct. Rep., 755; Allen v. State, 18 Texas Crim. App., 122; Ex parte Gray, 11 Texas Ct. Rep., 735.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the County Court of Potter County, Texas, of the offense of pursuing the business of selling malt liquors in said county without obtaining license therefor, and her punishment assessed at a fine in the sum of $112.50.

The information filed in the cause charges that the said Kittie Hardwick, "did then and there unlawfully engage in and pursue the occupation of selling malt liquors in quantities of one gallon and less than one gallon, out of local option territory, which said occupation was then and there taxable, and was taxed by law without having paid the taxes due said State and said County; and without having first obtained a license to pursue said occupation" and then recites the amount of taxes levied by the State and county, etc. There is no statement of facts in the record and practically the only question raised on the appeal which we can consider is whether the affidavit and information against her are insufficient and charge no offense in that it is not alleged that the malt liquors, the selling of which by her is charged, were intoxicating. Article 411a under which appellant was prosecuted, is as follows:

"Any person or association of persons who shall engage in the sale of spirituous, vinous or malt liquors, or medicated bitters, without having obtained license therefor, shall be fined in any sum not less than the amount of the taxes so due and not more than double that sum, or imprisonment in the county jail from ten to ninety days in the discretion of the jury." The writer was first inclined to the belief that the information was sufficient but on more mature reflection it seems to be certain that it is not. The law levies a tax only on intoxicating malt liquors. It has been distinctly held (Ex parte Gray, 83 S. W. Rep., 828) that no tax can be levied in this State on non-intoxicating malt liquors. It would, beyond doubt, be essential to prove before a conviction could be had that such malt liquors were intoxicating. Petteway v. State, 36 Texas Crim. App., 197; 35 S. W. Rep., 646. It would seem to follow therefore, logically, having reference to the laws and decisions that the information must aver the intoxicating quality of the malt liquors alleged to be sold.

It is therefore ordered that the judgment of the court below, be and the same is hereby reversed and the prosecution dismissed.

*Reversed and dismissed.*