## AL BENNETT v. THE STATE.

### No. 10110.     Delivered April 28, 1926.

Rehearing denied October 6, 1926.

**1.—Possessing Equipment, Etc.—Evidence—Non-Expert—Properly Received.**

Where on a trial for possessing equipment, etc., for manufacturing intoxicating liquor, there was no error in permitting state's witnesses to testify that the still or boiler found on appellant's premises smelled sour like mash. This testimony embracing physical facts which were obvious, did not require that the witnesses should qualify as experts.

**2.—Same—Evidence—Properly Admitted.**

Where a witness testified that the equipment found on appellant's premises, after describing it, could be assembled and used for making liquor his further testimony that he had seen whiskey made was sufficient qualification to warrant the admission of this testimony.

**3.—Same—Evidence—Not Objected to—No Error Shown.**

Where testimony for the state is admitted, without objection by the appellant, an objection to its admission presented for the first time in his

motion for a new trial comes too late. The objection to the admission of the testimony should be made when the testimony is offered.

#### ON REHEARING.

**4.—Same—Evidence—Held Sufficient.**

On rehearing appellant earnestly urges that the evidence is not sufficient to show that the equipment found could be assembled for the manufacture of whiskey. We are unable to subscribe to his contention, and his motion for rehearing is overruled.

Appeal from the District Court of Johnson County. Tried below before the Hon. Irwin T. Ward, Judgé.

Appeal from a conviction for possessing equipment, etc., for the manufacture of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*W. B. Featherstone* and *F. E. Johnson* of Cleburne, for appellants.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Johnson County for the offense of unlawfully possessing equipment for manufacturing intoxicating liquor, and his punishment assessed at one year in the penitentiary.

The record discloses that the state's witnesses, J. D. Crawford and J. W. Booth, deputy sheriffs, searched the premises of the appellant and found buried in his back yard a copper still, and in his house a gas stove with four or six burners, and on said premises a coil. It was the contention of the state that the appellant had said equipment for the purpose of manufacturing intoxicating liquor, and the state introduced evidence tending to show that said still and coil had the odor of sour mash and the appearance of having been used for the purpose of manufacturing intoxicating liquor. The appellant defended upon the ground that he knew nothing of the coil found in the cow shed, and that his wife claimed the still and had told him the day prior to the search of the premises by the officers that she put the still there; and further testified that the still belonged to his wife and that he knew nothing about it being on the premises until she so informed him, as above stated.

The record discloses 7 bills of exception. Bills 1, 3, 4, 5 and 6 complain of the action of the court in permitting the state's

witnesses to testify, over appellant's objections, that the still or boiler in question smelled sour, like mash, and that the coil smelled like it had been used in cooking whiskey; appellant's objections being based upon the ground that the witnesses were not qualified as experts to testify relative to said matters. We think the objections urged to this testimony went more to the weight than to the admissibility of the testimony, and should we be in error in so holding, the admission of same could not possibly have injured the appellant.

By bill of exception No. 2 complaint is made to the action of the court in permitting the witness, Crawford, to testify, over appellant's objection, that the equipment found on said premises could be assembled and used for making intoxicating liquor. The objection urged to this testimony was that the witness was not qualified as an expert. The record discloses that the witness testified that he had never made any whiskey himself, but that he had seen it made, and we are of the opinion that no error is shown in the admission of this testimony.

Bill No. 7 complains of the action of the court in permitting the sheriff, Moreland, and the deputy sheriff, Roberts, to testify that about 10 days after the still and equipment in question had been found on appellant's premises, and after he, appellant, had removed therefrom, they again examined said premises and found a trap door in one of the rooms and a barrel buried in the ground with two or three gallons of mash therein. This bill shows that there was no objection urged to said testimony when it was admitted, and that appellant, through his counsel, raised the question for the first time in his motion for a new trial, insisting that same was fundamental error. We are unable to agree with this contention and are constrained to hold that appellant waived his right to object to the admission of said testimony by failing to object to same at the time it was offered.

After a careful examination of the entire record, and finding no error therein, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion by the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In view of appellant's motion we have again examined the bills of exception, and believe the questions

of law raised by them were properly disposed of in the original opinion. The point is now made that the statement of witnesses to the effect that the equipment found could be assembled for the manufacture of whiskey was not justified because no condenser was discovered and for this reason the insufficiency of the evidence is urged. We quote from the testimony of one witness the following:

"That coil we had could have been connected directly with that horn without the interference of any lead pipe, but then on this still there was a hole there and the pipe, or the horn they call it, run off there and then there was a *little thing about that long, some call them a thumper and some call them a condenser,* and the horn connected with that, and the coil connected in at the bottom of that. A person could take the things we found there and hook them up together, and if he had the mash he could make whiskey with it."

Believing the evidence amply sufficient the motion for rehearing is overruled.

*Overruled.*