## BUDDIE FISHER V. THE STATE.

No. 11042. Delivered October 26, 1927.

Rehearing denied December 14, 1927.

**1.—Possessing Intoxicating Liquor—Bills of Exception—Incomplete—No Error Shown.**

This record contains five bills of exception, none of which are sufficient to manifest error, and the evidence being sufficient to sustain the verdict, the case is affirmed.

#### ON REHEARING.

**2.—Same—Search Without Warrant—Not Objected To—No Error Presented.**

On rehearing appellant insists that the search of his premises and discovery of the liquor was made without a search warrant, and therefore was unlawful. The statement of facts discloses that there was no valid search warrant, but the record does not disclose that an objection was raised to the introduction of the evidence secured by the search, on the trial.

**3.—Same—Bill of Exception—To Introduction of Testimony—Is Necessary.**

In all cases to invoke a review of the action of the trial court upon the receipt or rejection of evidence, a bill of exception is imperative. This rule is statutory. When the error complained of is that a search was made without a valid warrant, the bill of exceptions is incomplete where it fails to set out the warrant in substance or in detail. See Art. 667, C. C. P. 1925; Hays v. State, 94 Tex. Crim. Rep. 498, and other cases cited on rehearing.

Appeal from the District Court of Hale County. Tried below before the Hon. Charles Clements, Judge.

Appeal from a conviction for possessing, for the purpose of sale, of spirituous, vinous and malt liquor, containing in excess of one per cent of alcohol by volume, penalty two years in the penitentiary.

The opinion states the case.

*Marshall & Stewart,* for appellant.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession for the purpose of sale of spirituous, vinous and malt liquors containing in excess of one per cent of alcohol by volume, the punishment confinement in the penitentiary for two years.

Operating under a search warrant an officer discovered under the floor of appellant's residence between fifty and fifty-five gallons of "chock" beer. Appellant was present at the time the

search was made. Two or three days before the search the officer saw drunk people around appellant's premises. The officer testified that on or about the time of the search it was a frequent occurrence to see drunk people around the premises in appellant's presence. An analysis of the "chock" beer disclosed that it contained 6.5 per cent of alcohol by volume, and the testimony discloses that it was a spirituous liquid.

Appellant brings forward five bills of exception, wherein it is contended that the trial court erred in admitting certain testimony over his objection. An examination of these bills discloses that they are insufficient to manifest error.

It appearing that the evidence is sufficient to sustain the verdict of the jury and judgment rendered thereon, the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE. — Appellant insists that his premises were searched without a valid warrant and that this appears from the statement of facts. Neither the warrant nor the affidavit upon which it is based is set out in any of the bills of exceptions, nor is there specific reference thereto in either of the several bills.

From bill No. 1 we quote:

"* * * the state was permitted to introduce in evidence the testimony and statement of G. R. Sturdivant, deputy sheriff, over defendant's objection, 'that he went to the home of the defendant and found between fifty and fifty-five gallons of "chock"; and that he knew whether the "chock" was intoxicating and permitted said witness to state that said "chock" beer was intoxicating'; to all of which defendant then and there in open court excepted and here and now tenders this his bill of exception No. 1, and asks that same be approved and ordered filed as part of the record in this case, which is so ordered with the following qualifications. * * * The court could not know whether the objection to this testimony was good, there was no grounds for said objection stated."

Bill No. 2 is to this effect: The state was permitted to prove by the witness, G. R. Sturdivant, over the objections of defendant, to testify as follows:

"I have seen fellows drunk around that place. I have seen them go in there and come out drunk. The defendant was there. It was a day or two before the raid."

Bill No. 3 makes no reference to a search warrant or complaint of the search, but deals with the testimony of the witness that the appellant had been making "choc." This the court regarded as admissible upon the issue of intent.

Bill No. 4 complains of the testimony of a witness to the effect that "choc beer" was a spirituous liquor.

Bill No. 5 is a complaint of the receipt of testimony that the liquor found upon the appellant's premises was spirituous liquor.

Bill No. 6 complains of the testimony to the effect that before the premises were searched the witness had observed that it was frequented by people who were drunk.

In none of these bills does it appear that there was any objection made to the receipt of the testimony upon that ground that the search warrant under which the appellant's premises were searched was invalid. In fact, they are all silent touching the subject of a search warrant.

It is the function of this court to determine whether in receiving the evidence over the objection made, the trial court was in error, and unless the evidence is obviously inadmissible for any purpose, the bill complaining of its receipt must state the ground of objection. In all cases to invoke a review of the action of the trial court upon the receipt or rejection of evidence, a bill of exceptions is imperative. This is statutory. See Art. 667, C. C. P., 1925; Hays v. State, 94 Tex. Crim. Rep. 498; Davis v. State, 96 Tex. Crim. Rep. 447; Belcher v. State, 96 Tex. Crim. Rep. 561; Welk v. State, 96 Tex. Crim. Rep. 653. The bill should show the ruling complained of, the objection made, and that error was committed. See Wear v. State, 283 S. W. 811; Murff v. State, 103 Tex. Crim. Rep. 617, and other cases collated in Vernon's Tex. C. C. P., 1925, Vol. 2, Art. 667, note 3. When the error complained of is that the search was made without a valid warrant, the bill of exceptions is incomplete when it fails to set out the warrant in substance or in detail. See Cornelius on Search and Seizure, Sec. 247, p. 465; Henderson v. State, No. 11178, not yet reported. The objection to the evidence may be waived and is waived unless proper objection is made or timely motion to exclude is presented, and proper bill

of exceptions preserved exhibiting the ruling and the complaint thereof.

The bills complaining of the rulings on other matters show no error and require no further discussion.

The motion is overruled.

*Overruled.*