### A. S. WILSON v. THE STATE.

No. 14873. Delivered February 10, 1932.
Rehearing Denied April 13, 1932.

294

The opinion states the case.

*Butler, Price & Maynor* and *Gentry & Gray,* all of Tyler, for appellant.

*Lloyd W. Davidson's* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, the unlawful transportation of intoxicating liquor; the punishment, two years in the penitentiary.

The state's testimony, in brief, was as follows: Two peace officers of the city of Tyler had been out to the fair grounds and when they returned to town a funeral procession was coming by on Peach St. in the city of Tyler. They drove up to an intersection of the street and waited for the funeral procession to pass. While they were stopped there, the appellant came by and drove around their car and two or three other cars that were stopping there; that about the time the appellant got even with the car the officers were in, he looked around and recognized them and

kept looking back, first one, way and the other. When the funeral procession had passed, appellant pulled in behind the officers and came on towards town ahead of them. When they had gotten about two blocks from where they had stopped, they drove up and tried to stop the appellant and instead of stopping he went up a little side street and got up to where some ditch diggers were digging a water ditch and when he got to that place he met another car and since there was only room for one car to pass he was forced to stop his car and let the other car pass. By that time the officers were up by the side of appellant's car and when they stopped their car both of them jumped out and went towards appellant's car. At that time appellant stooped over in the front part of his car and the officers heard a crash and when they looked in the car they found a half-gallon jar of buttermilk had been broken and they saw in appellant's car a half-gallon jar of whisky which had not been broken. When the appellant was getting out of the car after his arrest, the officers noticed that he fumbled with his belt and one of the officers said, "What is the matter, have you got some more liquor there under your belt?", and the appellant said, "Yes," and started to reach for it. The officers took hold of him and found another pint of liquor.

The appellant did not testify and offered no evidence.

By bills of exception 1 and 2 appellant complains of the receipt in evidence of the testimony showing the result of the search of the automobile, it being claimed that probable cause did not exist at the time of the search. Appellant's counsel contends that this was fundamental error and it is such as can be raised at any time. The record shows that no objection was made to the introduction of the testimony showing the search of the automobile at the time of the trial of the case and no motion was made to exclude said testimony, but the matter was raised for the first time on the motion for new trial. It is insisted that we should consider these matters because appellant had no attorney representing him, although no objection or exception was taken to the introduction of said testimony. In all cases, in order to call for a review of the action of the trial court upon the receipt or rejection of evidence, an objection to same must be introduced. The objection to the evidence may be waived and is waived unless proper objection is made or timely motion to exclude is presented and proper bill of exception reserved exhibiting the ruling and the complaint thereof. See Fisher v. State, 108 Texas Crim. Rep., 332, 1 S. W. (2d) 301.

By bill of exception No. 3, defendant shows that after his conviction he filed and presented his motion for new trial alleging that at the time of his conviction he had not been served with a certified copy of the indictment, and the failure to furnish him such certified copy was fundamental error and for that reason he should have a new trial. The bill, as qualified, shows that defendant had been charged with the same offense by complaint and at the time of the presentment of the indictment was on bail and at no

time was there any request made for a copy of the indictment. Article 489, Code of Criminal Procedure, provides: "When the accused, in case of a felony, is on bail at the time the indictment is presented, it is not necessary to serve him with a copy, but the clerk shall on request deliver a copy of the same to the accused or his counsel, at the earliest possible time. Said bill as qualified shows no reversible error. Johnson v. State, 4 Texas App., 268; Abrigo v. State, 29 Texas Crim. Rep., 143, 15 S. W., 408; Lightfoot v. State (Texas Crim. App.), 77 S. W., 793.

Appellant also contends in his brief that he was convicted and sentenced for two offenses at the same trial. Appellant was charged in the first count in the indictment with the unlawful transportation of intoxicating liquor, and in the second count with the unlawful possession of intoxicating liquor for the purpose of sale. The court in his charge to the jury only submitted the charges contained in the first count in the indictment, that is, the offense of unlawfully transporting intoxicating liquor. The verdict of the jury was that they found the defendant guilty as charged and assessed his punishment at two years confinement in the penitentiary. The judgment of the court found the appellant, A. S. Wilson, guilty of the offense of transporting intoxicating liquor as found by the jury, and the sentence followed the judgment. Therefore, the contention of the appellant cannot be sustained.

We note that the verdict of the jury assessed appellant's punishment at two years in the penitentiary, and the judgment and sentence fixed his punishment at a straight term of two years in the penitentiary. Said judgment and sentence will therefore be reformed so as to fix appellant's punishment at an indeterminate term of not less than one nor more than two years in the penitentiary, and as so reformed, no reversible error appearing, the judgment will be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant in his motion for rehearing admits that the court announced a correct proposition of law in the original opinion, in saying: "The objection to the evidence may be waived and is waived unless proper objection is made or timely motion to exclude is presented and proper bill of exception reserved exhibiting the ruling and the complaint thereof." However, appellant insists that the court did not pass upon the question presented by him which, as we understand his motion is; that although evidence has been admitted upon the trial without objection which would have been excluded had timely objection been interposed, this court should reverse the judgment if there is no other evidence in the

record than that which might have been eliminated by proper objection at the time it was tendered by the state. We are not in accord with appellant's position in regard to this matter, and are unable to see how the one question insisted upon by him can be determined without also applying the rule which appellant himself admits to be correct. The statute (article 714, C. C. P.) provides that the husband or wife may, in all criminal cases, be witnesses for each other; but they shall in no case testify against each other except in criminal prosecutions for an offense committed by one against the other. It was at one time held that although one spouse may have been called as a witness by the other, that if in the cross-examination of said witness the state went further than was warranted by the examination in chief and developed new matter, that accused could take advantage of it without interposing an objection to the cross-examination at the time. This doctrine was departed from in the case of Ward v. State, 70 Texas Crim. Rep., 393, 159 S. W., 272. We quote from the Ward case as follows: "* * * it has always been held that where testimony is admitted without objection, and no motion was made to exclude it, no matter how erroneous it was in admitting it, it will not present ground for a new trial, nor reversal of the case on appeal. And while not passing on the Brock case (44 Texas Crim. Rep., 335, 71 S. W., 20, 60 L. R. A., 465; 100 Am. St. Rep., 859), except in so far as to limit it to the rule there announced, we decline to make any further exception to the well known rule of law, that to the introduction of testimony an objection must be made during the trial, and if this is not done, the matter will not be reviewed after verdict, and such error in the introduction of testimony, if error there be, will present no ground for a new trial. It has always been the rule in this court that a party can not be heard to complain of illegal and incompetent evidence to which he did not object and except to at the time of its introduction, and which he made no motion to exclude during the trial of the case."

Following the foregoing statement in the opinion many cases are cited supporting the holding. Another illustration will be found in the application of the statute (article 727a, C. C. P.) which prevents the confession of one who may be in jail or in the custody of an officer from being admitted in evidence unless certain formalities required by the statute are complied with. Yet, it has been held many times that if a confession which lacks some of the formalities prescribed be admitted in evidence without objection it is a waiver on the part of accused of the objections which might have properly been interposed. See Walker v. State, 53 Texas Crim. Rep., 337, 110 S. W., 59. The same is true in our judgment with reference to appellant's contention in the present case; to-wit: that the search of appellant's car was made without probable cause and therefore that the evidence should not have been received under the provisions of article 727a, C. C. P. Although appellant interposed no objection to the

evidence at the time it was offered, still it is insisted that this court should disregard the evidence and not permit the conviction to stand. If appellant's contention should be upheld, the mischief resulting would be hard to contemplate. In every case where certain evidence had gone into the record which might have been excluded upon proper objection, although objection was waived at the time, it would be urged that, disregarding such testimony, there would be left in the record no sufficient evidence upon which a conviction could be sustained. A holding to that effect would disorganize orderly court procedure and the effect would be little less than calamitous. Bennett v. State, 105 Texas Crim. Rep., 138, 286 S. W., 988.

The motion for rehearing is overruled.

*Overruled.*