COLE OGLESBY v. THE STATE.

No. 14880. Delivered February 17, 1932.
Rehearing Denied June 22, 1932.
Reported in 51 S. W. (2d) 587.

The opinion states the case.

*Frank Judkins,* of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Burglary is the offense; penalty assessed at confinement in the penitentiary for two years.

A house owned by Thomas M. Maxwell was entered on the 28th of January, 1930, and certain property taken therefrom. Maxwell recovered his property from the police station at Fort Worth on the 3rd day of February, 1930. Joe Newton and Cole Oglesby were arrested upon the street of Fort Worth driving an automobile which contained the stolen property.

The testimony of the appellant's witness Ward, if understood, is as follows: He was the proprietor of a hotel in Fort Worth. Two men stopped at his hotel on the 17th of January. On the 3rd of February, Cole Oglesby and Joe Newton came to his hotel and had an interview with the two previous arrivals. At the close of the interview, Oglesby and Newton borrowed an automobile from the guests of the hotel mentioned. Neither Oglesby nor Joe Newton was a guest at the hotel.

It was shown by other testimony that one of the men from whom, according to Ward, the car was borrowed, was John Oglesby, brother of Cole Oglesby and uncle of Joe Newton, and the person who, according to his own testimony, committed the burglary and stole the automobile in

question at a time when neither Joe Newton nor Cole Oglesby was present. A number of witnesses testified that Joe Newton was in Oklahoma, about 250 miles from Fort Worth, at the time the burglary was committed by John Oglesby.

The wife of Cole Oglesby also testified to an alibi for him, stating that he was in Oklahoma at the time the offense is alleged to have been committed.

John Oglesby, as above stated, testified that he was the guilty party; that he stole the automobile in which the appellant in this case was arrested, and also stole the goods which were found in the car at the time of the appellant's arrest. His testimony, if true, showed that the appellant was not connected with the offense. John Oglesby also asserted ownership of the pistols which were in the car at the time of the appellant's arrest. At the time of the arrest, Joe Newton and Cole Oglesby were in the car. They were told to get out of it so that it might be searched. Newton got out, but Oglesby hesitated. He finally got out, however, and upon searching him, there was found a pistol upon his person. The officer took possession of the pistol and directed Oglesby to get back in the car. The officer then observed a pistol in the possession of Newton and ordered him to throw up his hands. Newton reached for his pistol which was in his belt. At the command of the officer, Newton laid the pistol down on the seat of the car. Oglesby at the time was sitting in the car with his hands up. From the officer's testimony we quote: "Oglesby slapped at my gun in my hand and grabbed for the gun on the seat, and my gun went off, or I pulled it off, and shot Oglesby right through the side here."

The officer who arrested the appellant testified that at the time of the arrest, the appellant said, "It is our car."

The conduct described was a circumstance bearing upon knowledge by the appellant of the possession of the stolen goods. Previous to entering the automobile, Oglesby had a conversation with his brother, John Oglesby, at the hotel, which conversation is not detailed, but which was followed by the appellant and Newton entering the car which contained the stolen goods. According to the appellant's theory, the car was borrowed from John Oglesby, who admitted the theft, both of the car and the stolen property which it contained. He was registered at the hotel in the name of Hall.

The court charged on circumstantial evidence.

The charge on alibi reads as follows:

"Among other defenses set up by the defendant is what is known as an Alibi; that is, that if the offense was committed, as alleged, that the defendant was, at the time of the commission thereof, at another and different place from that at which such offense was committed, and therefore was not and could not have been the person who committed the same.

"Now, if the evidence raises in your minds a reasonable doubt as to

the presence of the defendant at the place where the offense was committed (if commited) at the time of the commission thereof, you will find him 'not guilty'."

Bill of exception No. 1 questions the sufficiency of the charge of the court: "Because said charge does not instruct the jury to acquit the defendant, if they believe he borrowed the car, with its contents, from John Oglesby, or if they have a reasonable doubt on said question, and does not fully and affirmatively charge the law applicable to the evidence offered by the defendant."

Reliance of the state for a conviction of the appellant of burglary was upon the testimony showing that he was in possession of the fruits of the crime; that is, the property acquired in the burglary, at a time and place justifying the jury in the conclusion that he took part in the commission of the offense of burglary.

The instruction sought in the bill under discussion is regarded as properly denied for the reason that it is susceptible of the construction by the jury that the appellant's possession of the stolen property would not warrant his conviction. The contrary has often been held; that is to say, where the burglary is proved by other testimony, the recent possession of the stolen property has been declared sufficient, under a charge on circumstantial evidence, to support the conviction for the offense of burglary. See Branch's Ann. Tex. P. C., p. 1332, sec. 2463, which reads as follows: "To warrant an inference or presumption of guilt from the circumstance alone of possession, such possession must be personal, must be recent, must be unexplained, and must involve a distinct and conscious assertion of property by the defendant." See, alo, Casas v. State, 12 Texas App., 59, and many other cases collated in section 2463, supra.

At the time of his arrest, the appellant made no explanation of his possession of the stolen goods; nor did he at any time disclaim knowledge of the fact that the goods were stolen. See Branch's Ann. Tex. P. C., supra, sec. 2464.

In his brief, appellant contends that the testimony of John Oglesby and the witness Ward, together with the fact that the turtle-back of the car was locked at the time of the arrest, was such explanation of the appellant's possession of the stolen property as to counteract the inference of guilt arising from the possession of the stolen property. An explanation of the possession of stolen property made at the time the right to the possession is first challenged is upon a different footing from an explanation subsequently made during the trial of the case. See Branch's Ann. Tex. P. C., p. 1333. In the first instance, the explanation, if reasonable and probably true, annuls the inference of guilt and the jury must be so told. In the second instance mentioned, no such instruction is required.

The mere fact that the appellant may have borrowed the car containing the stolen goods would not exculpate him as a matter of law. The

question is, was he criminally connected with the burglary; that is, was he a principal offender? The possession of the stolen property, under the conditions revealed by the record, was a circumstance, when unexplained, sufficient to show his connection with the burglary. If he was not connected with the burglary, the possession of the goods, whether he knew they were stolen or not, would not warrant his conviction. We fail to perceive, however, how the mere fact that the jury may have believed that he borrowed the car containing the stolen goods would have required his acquittal.

The court, having given an adequate and approved charge on the defense of alibi, was not in error in refusing to repeat the same defensive instruction in different language, as is suggested by the several objections to the court's charge, such as that he should be acquitted if he was in Oklahoma at the time the offense was committed.

No objection was interposed to the testimony of the officer touching the arrest and proof of the result of it. After the evidence was closed, the appellant attempted, by a special charge, to have the jury instructed to disregard the testimony of the officer upon the ground that the arrest was illegal. As the matter is presented, the validity of the arrest is not deemed to be properly before this court for review. By failing to object to it, or at least to move its exclusion, during the introduction of the evidence, the alleged inadmissibility of it was waived. See Fisher v. State, 108 Texas Crim. Rep., 332, 1 S. W. (2d) 301, and precedents collated therein; also Shuffield v. State (Texas Crim. App.), 18 S. W. (2d) 640; Hays v. State, 94 Texas Crim. Rep., 498, 252 S. W., 521.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant and Newton were arrested in Fort Worth in possession of a car in which was the property taken from the burglarized house. The car was muddy, with fresh red clay mud. Appellant and Newton had the same kind of mud on their shoes and clothes. One of them said the car is "our car." Appellant said they lived on a ranch near Denton. Appellant did not testify on the trial.

We do not think our conclusion wrong in which we upheld the trial court's refusal to change his charge in response to an exception, copied in our original opinion, to the failure of the court to tell the jury to acquit if they believed appellant borrowed the car with its contents from John Oglesby. The matter is discussed at some length in our original opinion. Appellant's affirmative defense was an alibi, his wife having sworn that on the night of the burglary he was with her in Oklahoma; on this defensive theory the court fully gave an affirmative charge.

If appellant was present and participated in the burglary, he would be

guilty herein. The borrowing of a car in which was found the fruits of the crime, from one participant in the theft, by another participant therein, manifestly would not justify the trial court in telling the jury to acquit if they found from the testimony that the car was so borrowed. The supposed borrowing of the car was but a circumstance, and was combated by the state herein by its impeachment of defense witness Ward who swore to the borrowing, and the impeachment of appellant's brother who swore thereto, by showing him to be a convict in the penitentiary at the time he gave the testimony; also by proof that the fresh mud on the car and on the shoes and clothes of appellant, was identical, and was not the mud of the locality where he was arrested; also by proof of the claim of ownership of the car at the time of the arrest.

No special charge was asked embodying any theory of a borrowing in ignorance of the contents of the car, or a borrowing by one who was not a participant in the taking of the contents of the car. Had there been such charge framed in appropriate language, appellant would have been in much better position to complain. The state relied on circumstances, which might be set out, to show appellant's guilt. These circumstances he sought to rebut. It could hardly be contended that in such case it would be the duty of the trial court to single out various circumstances and embody in his charge an affirmative presentation of the law applicable to that particular circumstance, either for the state or the defense. Smotherman v. State, 47 Texas Crim. Rep., 309, 83 S. W., 838; Beard v. State, 57 Texas Crim. Rep., 323, 123 S. W., 147; Moore v. State, 59 Texas Crim. Rep., 361, 128 S. W., 1115.

Believing the case correctly decided originally, the motion for rehearing is overruled.

*Overruled.*