Believing the case correctly decided originally, the motion for rehearing is overruled.

#### Cole OGLESBY v. STATE.
#### No. 14879.

Court of Criminal Appeals of Texas.
April 13, 1932.

Rehearing Denied June 22, 1932.

See, also, Newton v. State, 51 S.W.(2d) 590, 592.

Frank Judkins, of Eastland, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

Theft is the offense; penalty assessed at confinement in the penitentiary for two years.

This is a companion case to Cole Oglesby v. State (Tex. Cr. App.) 51 S.W.(2d) 587, recently decided. In this case the appellant was charged with the theft of the property described in the companion case mentioned, which was a conviction for burglary. The facts and the defensive theories are identical with those discussed in the companion case, and, upon the authority of that case, the judgment in the present appeal is affirmed.

#### On Motion for Rehearing.

LATTIMORE, J.

This is a companion case to Oglesby v. State (Tex. Cr. App.) 51 S.W.(2d) 587, this day handed down, and in his motion for rehearing appellant presents only the same contention discussed and passed upon in said companion case. For the reason therein given, this motion is overruled.

## NEWTON v. STATE.
### No. 14878.

Court of Criminal Appeals of Texas.
April 13, 1932.

Rehearing Denied June 22, 1932.

Frank Judkins, of Eastland, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

Burglary is the offense; penalty assessed at confinement in the penitentiary for two years.

This is a companion case to Cole Oglesby v. State (Tex. Cr. App.) 51 S.W.(2d) 587, recently decided. Save on the question of alibi, the facts are not materially different, and the questions of law are identical. The issue of alibi was submitted to the jury in an appropriate charge.

Upon the authority and reasoning in the companion case mentioned, the judgment is affirmed.

#### On Motion for Rehearing.

HAWKINS, J.

There is found in the motion for rehearing statements, outside the record, to the effect that this case, and the one charging appellant with theft, and also two cases against Cole Oglesby, also charging him with burglary and theft, four cases, were all tried at the same time and by the same jury. If the cases were tried as suggested, it could only have been done by agreement of all parties, and any objection to such proceeding would doubtless have been recognized by the court. We have had occasion heretofore to express our views regarding such procedure. It usually leads to confusion and might result in injustice. Sims v. State (Tex. Cr. App.) 45 S.W. (2d) 579.

No extended opinion was written in this case originally. The opinions on original submission and on rehearing in the companion case of Oglesby v. State (Tex. Cr. App.) 51 S.W.(2d) 587, are here referred to. Because of the insistence that the evidence is not sufficient to sustain the conviction, we advert to the facts. On the night of January 28, 1930, a warehouse in Eastland county was burglarized, and the following property stolen: "A Victor Oxygen Gas Regulator," and "Oxweld Oxygen Gas Regulator," two "Type R–310 Victor Welding Torches," a "Cutting Torch," two "fifty foot lengths ¼ inch gas hose," and "a set of welding goggles." This identical property was recovered in Fort Worth on February 3d, where it was found in a "Model A Ford coupé" which was being driven by appellant; Cole Oglesby was with him.

We here copy the testimony of one of the arresting officers. "I whistled at them and they stopped; they were over in the middle of the street when they stopped and I had them pull over to the curb and talked to them; I questioned them about where they were from and everything. After that I told them to get out of the car, that I wanted to search it; one got out first—Newton got out first on the lefthand side of the car; I was standing on the righthand side at that time, I had been on the left side of the car, but I walked around the rear of the car to the right side and when I did, I noticed the car looked like it was pretty heavily loaded and the springs were mashed down. Joe Newton was under the wheel when I told him to get out of the car that I wanted to search it; Newton got out of the car, but Oglesby hesitated about getting out and Newton said, 'Go