## AUGUSTIN RESENDEZ V. THE STATE.

No. 23824. Delivered December 3, 1947.
Rehearing Denied (Without Written Opinion) January 21, 1948.

*Ruben R. Lozano* and *Theo P. Henley*, both of San Antonio, for appellant.

*William N. Hensley*, Criminal District Attorney, and *Arthur A. Domangue*, Assistant Criminal District Attorney, both of San Antonio, *Ernest S. Goens*, State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for burglary at night of a private residence; punishment five years in the penitentiary.

Appellant contends that the evidence does not support the verdict and judgment. With this position of appellant we cannot agree. The evidence shows that the private residence of Bedford Masters was burglariously entered on the night of February 22, 1947, and quite a number of articles of jewelry taken therefrom which had belonged to a deceased daughter of Masters, and which were in his custody and control. About eleven o'clock on the night in question a police officer accosted appellant on the street and after some conversation with him

the officer found in appellant's possession all of the various articles which had been taken from the Masters residence, except a small diamond ring, which was never found. All of the other articles were identified by, and returned to Masters at police headquarters. In conversation with the officer who arrested appellant he claimed that the various articles belonged to his wife. At the trial appellant testified disclaiming any knowledge of how the stolen property came into his possession, and asserting that he was so drunk he had no recollection of anything. The next day after the burglary one of the officers took appellant in a car and drove by the Masters residence which appellant pointed out as the house he had been in. No objection to any of the evidence was interposed during the trial. It abundantly supports the judgment of conviction.

In his amended motion for new trial appellant attempts to raise a question as to the regularity of the jury panel from which the jury in his case was selected. The jury for the week which had been assigned to the trial court had been excused by the "assignment" clerk in the District Clerk's Office, who thought there was no further need for their services for that week. This was done without the order or knowledge of the trial judge. When he ascertained what had occurred he directed that 34 available jurors from the list that had been excused be notified to report back to his court. They responded to such notice and appellant's jury was chosen from this panel. No objection was made to the jurors at the time they were tendered and the first twelve on the list were accepted by appellant without any question having been raised. It was too late upon motion for new trial to attempt to inject such question into the case unless some incompetent jurors under all circumstances were used. See Hernandez v. State, 47 Tex. Cr. R. 20, 81 S. W. 1210; Cockrell v. State, 135 Tex. Cr. R. 218, 117 S. W. (2d) 1105, (on motion for rehearing) and cases therein cited.

Appellant attempts to raise for the first time on appeal the question that his arrest was illegal and that the evidence of the arresting officer was therefore not admissible. No objection was interposed to the testimony of the officer when tendered. "Objection to the evidence may be waived, *and is waived*, unless proper objection is made or timely motion to exclude is presented." Fisher v. State, 108 Tex. Cr. R. 332, 1 S. W. (2d) 301; Oglesby v. State, 121 Tex. Cr. R. 52, 51 S. W. (2d) 587; Wilson v. State, 120 Tex. Cr. R. 293, 48 S. W. (2d) 282.

Finding no reversible error, the judgment is affirmed.