## J. LOY RAMSOUR V. STATE

No. 29,233. November 13, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) January 15, 1958.

*Bridges & Oxford,* by *Royce A. Oxford,* Mission, and *Kelley, Looney, McLean & Littleton,* by *L. C. McLean,* Edinburg, for appellant.

*Jim Bates,* Criminal District Attorney, *R. L. Lattimore,* First Assistant Criminal District Attorney, Edinburg, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for murder with malice; the punishment, ten years in the penitentiary.

The evidence is undisputed that on the date alleged in the indictment the appellant killed the deceased, Walter Benson, by shooting him with a gun. The killing occurred at the home of the deceased who was the appellant's son-in-law.

According to the state's testimony the appellant followed his daughter (the deceased's wife) into a room used by the deceased as an office for the purpose of talking to them. After they entered Mrs. Benson became hysterical and threw an ash tray through the window. The deceased, who was seated behind a desk, got up and walked toward the appellant, saying, "Come on, Let's get outside. Let's don't cause a disturbance in here" and reached his hand out to put it on appellant's shoulder whereupon appellant after shoving him back produced a pistol and fired three shots which struck the deceased, two of the bullets penetrating the heart and were the major cause of death. Appellant then fired two shots at Marie Kensworthy who was seated in the room on a davenport, one of the bullets striking her in the right leg and the other in the left leg.

The testimony shows that the deceased had a can of beer in

his hand when the fatal shots were fired but there is no evidence in the record to indicate that he was armed at the time.

As a witness in his own behalf appellant admitted firing the shots which struck and killed the deceased but testified in substance that he shot the deceased in self defense when the deceased reached for his hip pocket and turned toward the desk as if to get a gun.

Appellant further testified that, during the married life of his daughter and the deceased, the deceased had been abusive and mistreated her; that on occasions his daughter would call he and his wife when the deceased was drinking and abusing her and that they would go to the home. He testified that a short time before the killing he had been told that the deceased was carrying a gun; was dangerous; that he was afraid of the deceased and that the reason that he went to the deceased's home on the occasion in question was to talk to him and his wife about having Marie Kensworthy leave the home as their guest because he did not approve of her being around their four young children.

Other witnesses called by the appellant testified in substance that the deceased drank to excess, was abusive of his wife, and of marital difficulties between them. Mrs. Helen Frances Benson, the deceased's widow, being called by the state, testified on her cross-examination of being abused by the deceased when he was drinking, that on occasions she had called her father and mother to come to the home and that the deceased had threatened her and also threatened to kill her father, the appellant.

Appellant first complained of the trial court's refusal to grant a new trial because of certain alleged irregularities in the filling of the jury wheel from which the special venire in the case was drawn.

No challenge to the array or motion to quash the special venire was made by appellant before selection of the jury and it was not until after the verdict, in his amended motion for new trial, that appellant moved the court to quash the special venire, declare the same and the jury drawn therefrom void and grant a new trial.

In the motion the appellant alleged that the special venire drawn from the jury wheel was void because the officers charged with the duty of filling the wheel had not filled the same in the

manner required by law in that in securing the names of the prospective jurors to be placed in the wheel they used the poll tax roll of Hidalgo County rather than the tax rolls of the county and that he had been deprived of a jury panel representative of the entire county as required by law because of the absence of the names of any prospective jurors in the wheel who resided within the county in the city of Mission.

The court did not err in refusing to grant a new trial.

The rule is well settled that a motion to quash comes too late when made after the jury has been accepted, empaneled and sworn, as when it is first urged in a motion in arrest of judgment, or for a new trial. 26 Texas Jur., Sec. 74, p. 638, McMahon v. State, 17 Texas App. 321; Flores v. State, 53 S.W. 634; Hernandez v. State, 47 Texas Cr. Rep. 20, 81 S.W. 1210; Campbell v. State, 122 Texas Cr. Rep. 494, 56 S.W. 2d 460 and Resendez v. State, 151 Texas Cr. Rep. 332, 207 S.W. 2d 91. In Hernandez v. State, supra, where the legality of a special venire was raised for the first time on motion for new trial, this court said:

"Questions in regard to the manner of selecting and impaneling jurors must be excepted to at the time of the action taken. It is too late to suggest it by motion for new trial, except under certain contingencies wherein the statute provides that a certain class of jurors are incompetent under all circumstances * * * ."

By the exercise of diligence appellant could have ascertained the manner and method used by the officers in filling the jury wheel.

Appellant by accepting the special venire and jury selected therefrom waived his right to question the method used by the officers in filling the jury wheel and the manner in which the special venire was selected in the case. Cockrell v. State, 135 Texas Cr. Rep. 218, 117 S.W. 2d 1105.

Appellant insists that the court erred in permitting Mrs. Warren White, a state's rebuttal witness, to testify that in a conversation with the appellant and his wife about three or four years before the killing Mrs. Ramsour asked her to call them if she heard the deceased abusing his wife. Appellant's objection was on the ground that the testimony was irrelevant and immaterial and could not be used in rebuttal. We find no error in the admission of the testimony. Under the provisions of Art.

1257a, Vernon's A.C.C.P. testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased together with all relevant facts and circumstances going to show the condition of the mind of the accused are admissible. Appellant, in presenting his defense, had offered testimony to show that shortly after the deceased married his daughter some nine years before, he began a course of harsh and cruel treatment towards her which continued up to the time of the killing. Further that appellant had been advised of such treatment and was concerned about her welfare and that of her children. Appellant also testified that he had no intention of killing the deceased when he went to his home on the evening of the killing. The testimony of Mrs. White was as to the previous relationship and circumstances existing between the appellant and the deceased over the treatment of appellant's daughter and under the record admissible on the state's rebuttal to show motive and intent of appellant at the time he killed the deceased.

Appellant urges as reversible error the court's refusal to strike that portion of Dr. Whigham's testimony wherein in describing the location of the three bullet wounds on the deceased body he expressed his opinion as to the angle and position from the body the gun was held at the time the shots were fired.

While under the rule announced in McCullers v. State, 125 Texas Cr. Rep. 357, 67 S.W. 2d 879, and cited by appellant, a witness who is not present at the homicide cannot state his opinion as to the relative position of the parties at the time of the shooting when such fact is in dispute; the trial court's refusal to strike the doctor's testimony in the instant case does not present reversible error. There was no real dispute as to the position of the appellant and the deceased at the time of the shooting. Appellant made no objection to the testimony complained of until after it was given and then only objected on the ground that no predicate had been laid for the testimony and that the witness was not qualified to so testify. No objection was made as here urged.

We find no error in the court permitting the state's rebuttal witness Snipes to testify that he had never seen the deceased with a gun on. Appellant had previously testified that he had heard that the deceased carried a gun all the time. The state witnesses' testimony was relative to what he had seen rather than what he knew or had heard as was condemned in McCand-

less v. State, 42 Texas Cr. Rep. 58, 57 S.W. 672 and Dinklage v. State, 148 Texas Cr. Rep. 123, 185 S.W. 2d 573 cited by appellant.

We find no error in the court's action in sustaining the state's challenge for cause to the juror Valle. Upon his examination the juror stated that from what he had heard he did have a bias or prejudice in favor of or against the appellant. In enumerating the reasons for challenge for cause of a particular juror Art. 616, Vernon's A.C.C.P. provides as the twelfth reason, "That he has a bias or prejudice in favor of or against the defendant."

Finding the evidence sufficient to support the conviction and no reversible error appearing in the record the judgment is affirmed.

Opinion approved by the Court.