**Paul LOPEZ, Jr., also known as Paul Rodriguez Lopez, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41702.**

Court of Criminal Appeals of Texas.

Dec. 11, 1968.

Rehearing Denied Jan. 29, 1969.

Second Rehearing Denied March 5, 1969.

Samuel L. Egger, San Antonio, for appellant.

James E. Barlow, Dist. Atty., Sparta Bitsis, Asst. Dist. Atty., San Antonio, Leon B. Douglas and Jim D. Vollers, State's Attys., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for murder; the punishment, sixty years' confinement in the Texas Department of Corrections.

Two grounds of error are urged by appellant in his brief filed in the trial court.

In the first ground, appellant insists that he was tried before an illegally constituted jury, in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States and also in violation of the Vernon's Ann. St.Constitution (Art. 1, Secs. 10 and 15) and laws of the State of Texas.

No motion to quash the jury panel was filed by appellant and it was not until his motion for new trial was filed that any complaint was made to the jury which was selected, sworn, and empaneled in the case.

In his motion for new trial, appellant alleged, in substance, that the jury was not legally selected under the provisions of the jury wheel law, Arts. 2094–2122, Vernon's Ann.Civ.St., because the first twenty-eight names on the jury list of forty were of persons who had been called for jury service at previous weeks in the term and were excused and granted a postponement of their jury service to the week of October 16, 1967, when appellant's case was tried.

No claim of injury is made by appellant, and his only contention is that the jury was not selected from a panel properly drawn for the week.

■ Appellant is not entitled to complain, for the first time in his motion for a new trial, of the manner in which the jury panel was selected. Singleton v. State, 171 Tex.Cr.R. 196, 346 S.W.2d 328; Ramsour v. State, 165 Tex.Cr.R. 481, 308 S.W.2d 56.

We observe that under the provisions of Arts. 2118 and 2120, supra, of the jury wheel law, a court is authorized to adjourn the whole number or any part of the jury for the week to any subsequent day of the term and may hear any reasonable sworn excuse of a juror and release him entirely or until some other day of the term.

The ground of error is overruled.

In his second ground of error, appellant insists that he was denied both due process and equal protection of the law by the court's action in permitting attorney Fred Semaan to participate in the trial as a special prosecutor in the case.

■ The record reflects that attorney Semaan was employed by the deceased's family to assist in the prosecution and did participate in the trial, with the consent of district attorney James E. Barlow. We find nothing in the record which would warrant a finding that the trial court abused his discretion in permitting the special prosecutor to participate in the case. Hence, no error in shown. Loshe v. State, 160 Tex.Cr.R. 561, 272 S.W.2d 517.

■ We do not agree that the enactment of Art. 326k–50, V.A.C.S., creating the office of criminal district attorney of Bexar County and referring to it as a constitutional office, prohibits the assistance of a special prosecutor in the trial of a criminal case in Bexar County. Nor do we agree that it was incumbent upon prosecutor Semaan to take the constitutional oath of office prescribed by Art. 16, Sec. 1, of our State Constitution before appearing in the case.

The ground of error is overruled.

The judgment is affirmed.

## OPINION
## ON APPELLANT'S MOTION FOR REHEARING

MORRISON, Judge.

**270**

This Court has again examined this record with care at the insistence of appellant's earnest counsel.

We remain convinced that under the circumstances here presented an accused may not wait until after the trial, the results of which are distasteful to him, and then complain of an irregularity in the manner of the selection of the jury. We observe however that the action of the District Courts in Bexar County in complying with the provisions of Art. 2120, Vernon's Ann.Rev.Civ.St., in a diligent manner so as to see that those persons whose names have been drawn from the jury wheel do in fact serve as jurors at another date if such juror is unavailable for service when first notified, is to be commended.

This record reveals that there was not a scintilla of evidence to support appellant's contention that his race was discriminated against because a number of the panel from which his jury were drawn had been required to serve through delayed jury service. In Gonzales v. State, 161 Tex.Cr.R. 488, 278 S.W.2d 167, we said "A showing of the racial composition of a particular jury does not by itself, standing alone, show racial discrimination."

We also decline to accept his contention that this required delayed service creates a screening process whereby persons belonging to certain economic groups are concentrated. We do not view Judge Curry's testimony as supporting his contention. When taken as a whole together with Judge Brown's testimony the opposite conclusion is apparent.

Appellant's motion for rehearing is overruled.

DOUGLAS, J., not participating.