Donald Wayne BURNS, Appellant,

v.

The STATE of Texas, Appellee.

No. 34117.

Court of Criminal Appeals of Texas.

June 29, 1971.

Rehearing Denied Oct. 13, 1971.

Melvyn Carson Bruder, Dallas, on out of time appeal only, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an out-of-time appeal from a conviction for the offense of robbery by the use of a firearm; punishment was assessed at 50 years. An out-of-time appeal has also been granted in Cause Number 34,118, a companion case, 470 S.W.2d 869 Both cases were tried in 1961.

The sufficiency of the evidence is not challenged.

■ Appellant contends that the trial court committed reversible error in admitting into evidence a pistol and some shells that were found on his person at the time of his arrest and in permitting reference to a newspaper found in the automobile in which he was arrested on the ground that the same was the result of an unlawful search and seizure.

When the guns and shells were offered into evidence, counsel for appellant stated he had no objection. When the newspaper was offered into evidence, appellant objected on the grounds that the newspaper was hearsay which said objection was sustained by the court. However, no objection was made to the further references to the newspaper nor was there any motion to instruct the jury to disregard the same or motion for mistrial made.

No error is shown. Bennett v. State, 105 Tex.Cr.R. 138, 286 S.W. 988; Bernard v. State, 172 Tex.Cr.R. 52, 354 S.W.2d 157; Garza v. State, 172 Tex.Cr.R. 468, 358 S.W.2d 622; Stout v. State, Tex.Cr.App., 421 S.W.2d 914. Ground of error number one is overruled.

■ Appellant's second ground of error contends that the trial court erred in allowing the State to bolster the in-court identification of the eyewitnesses, Mr. and Mrs. L. M. Box by showing they had previously identified appellant and his co-defendant in a lineup at which appellant was not represented by counsel.

Mrs. Box identified appellant as one of the persons who robbed her and her husband on October 28, 1960. She further testified that she later identified him at a police lineup. There is no objection to this testimony.

Mr. Box testified as to the same effect as his wife without objection. Since no objection was taken to such testimony, no error is shown. Martinez v. State, Tex. Cr.App., 437 S.W.2d 842.

■ Appellant's third ground of error complains that the in-court identification of the above two witnesses was tainted by an illegal lineup. This lineup was held over six years prior to the decision of the Supreme Court of the United States in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. The holding in Wade, supra, does not apply to lineups held prior to June 12, 1967, which was the date of the Wade decision. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199. No objection was made to the in-court identification of appellant by either Mr. or Mrs. Box, therefore error was waived. Green v. State, Tex.Cr.App., 467 S.W.2d 481. Ground of error number three is overruled.

■ Appellant's fourth ground of error is that the trial court failed to comply with Article 601, V.A.C.C.P.1925, in not serving upon him a copy of the names of the persons summoned as veniremen at least one day prior to trial. The record contains nothing to indicate that appellant ever requested such list or that he moved for continuance or postponement in order to obtain the same. The record does not contain any objection by appellant to the venire or motion to quash the same for the failure of the court to supply him with such list. The right to service is waived by going to trial without objection. Houillion v. State, 3 Tex.App. 537. Cf., Marshall v. State, Tex.Cr.App., 444 S.W.2d 928.

Appellant's fourth ground of error is overruled.

There being no reversible error, the judgment is affirmed.

DOUGLAS, J., not participating.