WALTER JONES v. THE STATE.

*No. 1043. Decided May 27th, 1896.*

1. **Continuance—Public Prejudice.**

Public prejudice against defendant, while it might constitute, if true, ground for a change of venue, is no ground for a continuance of a case.

2. **Jury Law—Drawing and Preparing List of Jurors—Practice.**

Objections to the mode and manner of drawing and preparing the jury lists should be made specifically at the time; and a general objection is not sufficient; nor will defendant be permitted to set up special grounds of exception to the manner of organizing the jury, on a motion for new trial.

3. **Jurors—Disqualification—Bill of Exceptions.**

A bill of exceptions to disqualified jurors is not sufficient, which does not state that said jurors sat upon the jury in the case, and which does not embody the facts showing their disqualification.

APPEAL from the District Court of Walker. Tried below before Hon. A. T. McKINNEY, Special Judge.

Appeal from a conviction for assault with intent to murder; penalty, seven years' imprisonment in the penitentiary.

Appellant was indicted for assault with intent to murder one Frank Smither, on the 3rd day of April, 1896.

Smither was a white man, defendant a negro. The day before the shooting, the negro accosted Smither in a very familiar manner, calling him "Smither." Smither resented his familiarity, and, in the altercation which ensued, gave defendant a beating. The next day defendant met Smither on the street and fired upon him with a pistol, the ball entering the collar of Smithers' coat and breaking the skin on his neck. Smither ran into a store and defendant fired upon him again. Defendant testified, that Smither drew a knife and was making at him when he fired. Defendant also proved his reputation was good as a peaceable and law abiding-man.

The question raised by the bills of exception saved during the trial are sufficiently illustrated in the opinion.

*W. O. B. Gillespie,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

[No brief for the State found with the record.—Reporter.]

DAVIDSON, JUDGE.—Appellant was convicted of an assault with intent to murder, and appeals. He made an application for a continuance, based upon two grounds: (1) "That since his incarceration, he has been denied access to the public, his family and friends, and they have been denied the privilege of consulting with him, and he has been thereby prevented from getting his case ready for trial;" and (2) "because there exists at the present term of this court so great a prejudice in the public mind against him that witnesses knowing facts material

to his defense are terrorized and intimidated thereby, and will not declare such facts to him or to his attorney, and it would be extremely dangerous for him to go to trial; and a fair and impartial trial would be denied him if he is forced to trial at this term of the court." The bill of exceptions shows that he was not denied the privilege of consulting with his friends, and that no request was made to the sheriff for that purpose. As to the second ground, it is sufficient to say that it might constitute, if true, a ground for a change of venue, but not for a continuance. See, Miller v. State, 32 Tex. Crim. Rep., 319. In another bill of exceptions, appellant alleges that there were twenty-six jurors drawn by the clerk from the box, instead of twenty-four, as required by Art. 683, Code Crim. Proc., 1895. The trial judge qualifies this bill in the following language: "The defendant's counsel, about the time the jury was drawn, made a general objection to the manner of organizing the jury; but the fact that there was more than twenty-four names drawn out of the box was not called to the attention of the court, nor any exception thereto reserved." If, as a matter of fact, twenty-six names were drawn, which was an innovation upon the statute, it should not have occurred; and if it did occur, because of the fact that twenty-six names, and not twenty-four, were drawn from the box, exception should have been taken specifically to the action of the court in the organization of the jury; and, in order to require notice at the hands of this court, the bill must point out specifically the ground of the objection, and this ground of objection must be stated to the court at the time exception is taken. If the grounds of objection are specifically stated, the attention of the trial court will then be called directly to the matter complained of. It is to be presumed that if the particular ground or grounds of objection are so pointed out, and they are well taken, they will be sustained. At least, attorneys are required to state these matters specifically; otherwise they would urge general objections, and then, after the trial is over, in making up their bills of exception, point out errors not contemplated at the time the exception is taken, or perhaps it would lead to the alleging of grounds before this court that were not taken in the trial court, or called to the attention of the trial judge. This is not permissible. "Suffice it to say, however, that objections to the mode and manner of drawing and preparing the jury lists should be made at the time. If not done then, and the jury is selected from the list prepared, without objection, the defendant will not be heard to complain afterwards, but will be held to have waived all such objection since he can waive every right, except the trial by jury." See, McMahan v. State, 17 Tex. Crim. App., 321. See, Caldwell v. State, 12 Tex. Crim. App., 302. As presented by the qualification of the judge, the objection is but a general one; and if, after the trial, no particular grounds being urged during the trial, should the defendant be permitted to set up special grounds of exception in the motion for a new trial, it would be tantamount to urging these objections, without taking them at the time of the organization of the jury. This is not permissible.

See, the authorities above. As presented, there is no error in this bill of exceptions. In the third bill of exceptions, appellant complains that "the court permitted Jurors Jas. Perkins and H. M. Crabb and others to qualify as jurors in the case, when they had declared that they had fixed and formed opinions as to the defendant's guilt or innocence, over the defendant's objections." The court qualified this bill by stating, in substance, that the jurors qualified themselves as fair and impartial. We deem it unnecessary to review this bill of exceptions, because it is not stated that either of these jurors sat on the jury during the trial of this case. The bill is too indefinite to require consideration. The facts in regard to the qualification of the jurors are not incorporated in the bill of exceptions. The judgment of the lower court is affirmed.

*Affirmed.*