declaring the result of the election had been published as required by law the State had failed to sustain the averment that Fannin County was dry area. Watson v. State, 135 Tex.Cr.R. 632, 122 S.W.2d 311; Davis v. State, Tex.Cr.App., 167 S.W.2d 523; Craig v. State, Tex.Cr.App., 167 S.W.2d 523; Cremona v. State, Tex.Cr.App., 172 S.W.2d 102.

 The omission of the certificate of publication evidently arose from some misunderstanding between counsel for the State and counsel for appellant. This is unfortunate, but we must take the record as it comes to us. As it thus appears the certificate in question is shown in the evidence heard upon the motion for new trial, but is absent from the statement of facts upon the trial before the jury.

The judgment is reversed and the cause remanded.

Doss Hardin, of Dallas, for appellant.

Dean Gauldin, Crim. Dist. Atty., and Chas. A. Pippen, Asst. Dist. Atty., both of Dallas, and Spurgeon E. Bell, State's Atty., of Austin, for the State.

HAWKINS, Presiding Judge.

After the judgment of conviction had been affirmed, 171 S.W.2d 880, appellant was granted a writ of certiorari by the Supreme Court of the United States. Later the petition for certiorari was dismissed, 64 S.Ct. 72, 88 L.Ed. ——, upon application of counsel for appellant, thus the jurisdiction of this court re-attached.

It is made known to the court that appellant has died pending this appeal and same is here now abated.