CASIMIRO JARAMILLO V. THE STATE.

No. 23698. Delivered June 18, 1947.
Rehearing Denied October 15, 1947.

No attorney of record on appeal.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of an assault to murder without malice and assessed a penalty of three years in the penitentiary, and he appeals.

Appellant complains because of the fact, as he alleges, that the indictment herein was found by an illegal grand jury in that one, Floyd McNeill, a member thereof, was not drawn by the jury commissioners appointed for such purpose by the district judge. This bill is qualified by the court and such qualification shows that only eleven prospective grand jurors appeared at the time of the empaneling of the grand jury; that thereupon the trial court directed the sheriff to summon others out of whom he selected Floyd McNeill, who qualified and served thereafter as a grand juror and was present when this indictment herein was returned by them. This procedure was authorized by Art. 349, C. C. P., and we see no error reflected in such proceedings.

On December 7, 1946, the then District Attorney of this district filed a motion herein in the District Court of Dallam County, alleging that the original indictment in this cause had been lost and requested the court to enter its order granting him leave to substitute for such lost indictment a substantial copy thereof. Upon a hearing of such motion the trial court made and entered its order granting the motion of the State and substituting the copy of such indictment for the lost original. There is an exception in the record relative to the trial court's purported refusal to have appellant served with a certified copy of the substituted indictment before entering his plea thereto. It is shown by the qualification to the bill that a copy of the original indictment was served on appellant on April 6, 1946; that a copy of the substituted indictment, together with the

State's motion to substitute, was theretofore, on December 9, 1946, served upon appellant's attorney, the defendant being at liberty on bond at the time. This trial took place on January 27, 1947. We think such to have been a sufficient showing of a service of the substituted copy of the indictment, it also being shown to have been a carbon copy of the original.

This offense was alleged to have been committed on Jaunary 12, 1946. The record shows that appellant was indicted on April 6, 1946, and soon thereafter served with a copy of the original indictment; that this cause was called for trial on some date in November, 1946, at which time the indictment appeared to have been lost; that this cause was again set for trial in December, 1946, at which time a motion was filed by the State requesting that it be allowed to substitute a copy thereof for the lost indictment. Again, on January 27, 1947, a hearing was had relative to the motion to substitute the indictment, which motion was granted by the trial court and entered of record; and again, on January 27, 1947, this cause was called for trial and finally tried. Appellant filed a motion for a continuance, but on account of the disposition made herein of this cause, it is not necessary to write thereon.

Appellant testified in substance that he and the injured party had some disagreement over a woman named Juanita Hernandez while at a dance; that nothing happened at such time; that later on the same night these two met again at a cafe and renewed their talk relative to this woman; that finally they agreed to go outside and settle the matter; that the injured party went out the door first followed by appellant; that as appellant got out of the door the prosecuting witness turned around and kicked appellant, who stepped back, not knowing what the witness had in his hand, so appellant pulled his pistol and shot the injured party, who grabbed his stomach. Appellant then left and later hid himself as well as his pistol. He shot the witness to keep him off of him; that he had five more shells in his gun, but shot only once; that he did not attempt to kill the prosecuting witness but shot him to get him out of the way and to keep him from beating him ( appellant) up; that he was not mad at him.

The trial court charged the jury on the law of self-defense against an unlawful attack threatening death or serious bodily injury only. Appellant objected to the court's charge because same failed to also instruct the jury on the provisions of Art. 1224, P. C., relative to a milder or lesser attack than one threatening death or serious bodily injury.

Under the facts here present, this charge should have been given, and for a failure to do so, the judgment is reversed and the cause remanded.

ON STATE'S MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The State has filed a motion for rehearing predicated on the theory that the evidence does not raise the issue of defense against an attack less than one threatening death or serious bodily injury, hence the failure of the court to charge upon that issue was not error.

We have re-examined the statement of facts. The State's evidence does not raise the issue but that of appellant, we think, does so pertinently. Of course, this court does not presume to pass upon what evidence is true or false, but the issue being raised the jury should have been advised as to the law upon that point.

The State's motion for rehearing is overruled.