## R. L. Farrow v. State.

No. 24183. December 15, 1948.
Rehearing Denied January 12, 1949.

Hon. L. Broeter, Judge Presiding.

*Nago L. Alaniz*, of Alice, for appellant.

*Frank Lloyd*, District Attorney, of Alice, and *Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is burglary. The punishment assessed is confinement in the state penitentiary for a term of 5 years.

Appellant challenges the sufficiency of the evidence to sustain his conviction, but we do not agree with this contention.

The record reflects that on the night of July 14, 1947, some one burglarized the place of business known as the Ford Motor Company at Freer, Texas, of which Fred Erickson was in charge, and took therefrom five radios and some fishing tackle of the total value of about $500. Some time later a Mr. Saunders found some radios and some fishing equipment concealed under a bush on his ranch. He notified the officers at Kingsville who went out there and took the articles to the sheriff's office. They later arrested appellant at which time he made a voluntary con-

fession and told them that he had one of the radios and some of the fishing equipment at his home. They went to his home with him and he delivered the stolen articles to them. The serial numbers on the radios corresponded with the serial numbers of the radios taken from the burglarized store. On the trial, appellant claimed that he had purchased the radios from some man whose name he did not know. He also claimed that the confession was obtained from him by the officers with the promises that they would help him. This the officers denied. At the time he made the confession, which was introduced in evidence, he did not claim to have bought the alleged stolen articles.

The court, in his charge to the jury, among other things instructed the jury that if they believed from the evidence that he purchased the radios and fishing tackle, or if they had a reasonable doubt thereof, to acquit him. Thus the defensive issue was clearly submitted to the jury for their determination.

Appellant brings forward two bills of exceptions in which he claims reversible error was committed by the trial court.

Bill of Exception No. 1 reflects the following occurrence: The defendant's counsel was cross examining Joe Bridge, a state's witness, relative to who was present when appellant made his alleged voluntary confession and the witness replied, "Mr. Timmerman was one of the parties present." Thereupon, he propounded the following interrogatory to the witness: "This is the same Timmerman that was involved in the beating of the boys in Kingsville, wasn't it?" to which question the district attorney objected and in connection therewith stated, "Your Honor, we object to injecting this into this case. * * * counsel knows that he has no right to inject anything like that, but he knows that the state has no right of appeal. * * *." Thereupon, appellant objected to the remark of the district attorney to the effect that the state had no right of appeal; that this statement was uncalled for and prejudicial to appellant. He then moved that the court enter a mistrial. The court sustained the objection and instructed the jury in writing not to consider the statement of the district attorney to the effect that the state had no right of appeal. The opinion is here expressed that if the remark constituted error at all, such error was cured by the court's instruction to the jury.

By Bill of Exception No. 2 he complains of the action of the trial court in admitting in evidence, over appellant's timely objection, his purported voluntary confession. There being an

issue raised by the evidence relative to the manner in which the purported confession was obtained, this issue was submitted to the jury for their determination, and the jury decided the issue adversely to appellant.

No reversible error appearing in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In his motion for rehearing appellant insists that his bill of exception number one reflects error, and in support of his contention cites Crow v. State, 26 S. W. 209, and Stalling v. State, 90 Tex. Cr. R. 310, 234 S. W. 914. In neither of these cases did the trial court instruct the jury to disregard the objectionable remarks of the prosecuting attorney. In the present case we find an instruction to that effect was given.

The motion for rehearing is overruled.