## SALVADOR SANDOVAL V. STATE

No. 27,721. November 9, 1955
Appellant's Motion for Rehearing Denied
(Without Written Opinion) January 11, 1956

*F. G. Garza,* Corpus Christi, *John J. Herrera,* Houston, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for rape; the punishment, life imprisonment.

Appellant was separately tried under an indictment in which he and six other co-defendants were jointly charged with the offense of rape upon Betty Van Cleave, a woman, without her consent and by the use of force, threats and fraud.

The state's testimony shows that the prosecutrix and her companion, Randall Erekson, after attending a dance on Saturday night, around 1:45 o'clock on Sunday morning, drove to

and parked on a road near a lake about two miles west of the town of Refugio. After they had been sitting in the car and talking for about fifteen minutes, five Mexican men, with handkerchiefs over their faces and two of whom had knives in their hands, appeared at the car. The men first tried to open the car doors and then told the couple to open them, one of the men telling the prosecutrix that if she did not open the door he would cut her throat. After the prosecutrix opened the door, one of the men reached in and pulled her out of the car. She was thereafter forced to take off her clothes and shoes after one of the men had put a knife to her throat. It is further shown that the prosecutrix was then wrapped in a blanket and carried by one of the men some distance behind the car and laid on the ground.

The prosecutrix testified that while on the ground the men had eight acts of sexual intercourse with her and that during such time a knife was put to her throat when she tried to raise up, and that the acts of intercourse were without her consent and forced upon her by threats of killing her and cutting her throat.

It is further shown that after the men had completed their assaults upon the prosecutrix she was carried back to the car where Erekson, her companion, had been held a captive by the men who took turns in guarding him; that during the time the men had cut the tires on the car and pulled the wires loose from the distributor and spark plugs.

After the men left, the prosecutrix and Erekson, being unable to start the car, walked to town, and Erekson, after the sheriff had been contacted, reported to him what had happened.

The prosecutrix testified that she identified the appellant on the following Thursday or Friday, while he was in custody of the sheriff, as one of the men who had raped her; and at the trial she also identified appellant as being one of the men who had raped her, testifying that the men had handkerchiefs over the lower part of their faces, and that her identification of the appellant was by his eyes and forehead and his build. Her companion, Erekson, testified that he was unable to identify appellant or any of the men as being the ones present at the car on the night in question.

The state offered in evidence the appellant's written confession in which he stated that he and certain companions,

around one o'clock on the morning in question, drove out two miles west of Refugio and stopped in a pasture at the end of the road; that after the car had driven up and stopped five of them went to a parked car; that when he got out of the car he had his knife out and immediately opened the left door; that one of his companions pulled a woman out of the car and carried her out near some brush about fifty feet from the car; that with his knife out he watched the man in the car, and that after about thirty minutes he went to the brush and had intercourse with the woman.

We have not been favored with a brief from the appellant, but will discuss certain questions presented by the record and argued by the appellant's counsel before this court.

Appellant insists that he was indicted by an illegally constituted grand jury because of the action of the court in ordering the sheriff to summon one legally qualified grand juror to serve on the grand jury after it had been reassembled and one of the original twelve members failed to appear.

The record shows that before the grand jury had been ordered reassembled it had been discharged at a former date of the term.

Article 372, V.A.C.C.P., provides that a grand jury discharged by the court for the term may be reassembled by the court at any time during the term, and if one or more of them fail to reassemble, the court may complete the panel by impaneling other men in their stead, in accordance with the rules provided for completing the grand jury in the first instance.

Article 349, V.A.C.C.P., provides that when less than twelve of those summoned to serve as grand jurors are found to be in attendance and qualified to so serve, the court shall order the sheriff to summon such additional number of persons as may be deemed necessary to constitute a grand jury of twelve men.

The court's action was in compliance with the procedure provided by these statutes. Millikin v. State, 107 Texas Cr. R. 332, 296 S.W. 547; Ex parte Harris, 118 Texas Cr. R. 154, 39 S.W. 2d 883; Sulak v. State, 118 Texas Cr. R. 112, 40 S.W. 2d 157; Jaramillo v. State, 151 Texas Cr. R. 34, 204 S.W. 2d 622.

Appellant contends that the court erred in admitting in evidence his written confession to which he objected on the

ground that he had not been given the statutory warning and that the statement was not voluntarily made because of his fear of the sheriff.

After hearing testimony in the absence of the jury on the admissibility of the confession, the court admitted it in evidence, and in his charge fully instructed the jury that before they could consider the confession as any evidence, they must believe that appellant was warned by the officer taking the same that he did not have to make any statement at all, and that any statement he made could be used in evidence against him on the trial for the offense concerning which it was made; and further instructed the jury that if they believed that the confession was not freely and voluntarily made, or was induced by threats, coercion, fear, or by persuasion or personal violence, then they would wholly disregard such confession and not consider it for any purpose.

The testimony shows that the confession was made by appellant to County Attorney, K. D. Hall, who first took the statement down in longhand; that the statement was then typed by District Attorney, Wayne Hartmann, and after being read to appellant, was by him signed by making his mark before two attesting witnesses.

County Attorney Hall testified that, before he took the statement, he told appellant that he did not have to make a statement and that it had to be voluntary on his part, and that he gave appellant the statutory warning that any statement he made could be used in evidence against him. On cross-examination he gave an affirmative answer to a question which inquired whether he warned appellant that any statement he made could be used for or against him, but then explained that he did not understand the question and repeatedly testified that he only told appellant that any statement he made could be used against him. District Attorney Wayne Hartman and Sheriff R. M. Harsdorff both testified that they heard the county attorney warn the appellant that any statement he made could be used against him.

Appellant testified that he was not warned by the county attorney and that he made the statement because the sheriff told him to and because he was afraid of the sheriff. Sheriff Harsdorff testified that he did not at any time make any threatening statement or gesture towards the appellant and that at no time was any force, coercion, persuasion, promises or threats or anything of the sort made to the appellant to induce him to make

the statement. The testimony of the county attorney, the district attorney and the sheriff was to the effect that the appellant freely and voluntarily signed the confession.

The court, after hearing the testimony, did not err in admitting the confession in evidence and submitting to the jury the issue of whether the statutory warning had been given and whether it was voluntarily made. Sanchez v. State, 155 Texas Cr. R. 364, 235 S.W. 2d 149, and Farrow v. State, 152 Texas Cr. R. 595, 216 S.W. 2d 217. There were no undisputed facts which would render the confession inadmissible. Henson v. State, 159 Texas Cr. R. 647, 266 S.W. 2d 864.

Appellant complains of certain jury argument of state's counsel. There are no bills of exception, and no effort was made to reserve in the statement of facts his objections to the argument under the recent amendment to Art. 759(a), V.A.C.C.P. Therefore, the complaints of the jury argument cannot be considered.

The evidence is sufficient to support the conviction, and no reversible error appears in the record.

The judgment is affirmed.

Opinion approved by the court.