404·

301 P.2d 337

**STATE of New Mexico, Appellant,**

v.

**Juan GARCIA, Appellee.**

No. 6018.

Supreme Court of New Mexico.

Sept. 6, 1956.

———◆———

Richard H. Robinson, Atty. Gen., Paul L. Billhymer, Walter R. Kegel, Asst. Attys. Gen., for appellant.

Harry L. Bigbee, Donnan Stephenson, Matias A. Zamora, Santa Fe, for appellee.

LUJAN, Justice.

The appellee, Juan Garcia, was indicted by the grand jury of Santa Fe County for the crime of perjury. Appellee interposed a motion to quash the indictment on the ground that the grand jury was composed of more than twelve members. The motion was sustained, and from that judgment the state appeals.

The record discloses that the grand jury which returned the indictment against appellee was composed of thirteen persons.

The State-appellant filed a pro forma brief in chief pursuant to Rule 15, subd. 5, of the Rules of Supreme Court, wherein, among other things, it calls upon the appellee to specify and maintain the insufficiency of the indictment which was quashed by the district court. Thereafter the appellee filed his brief in chief wherein he contends, among other things, that the grand jury which returned the indictment against him was not a grand jury as contemplated by our Constitution and that its action was a nullity. We agree with this contention.

In Ogle v. State, 43 Tex.Cr.R. 219, 63 S.W. 1009, 1011, 96 Am.St.Rep. 860, we find this language, and quote with approval:

"'* * * What constitutes a grand jury? Our constitution answers the question plainly and emphatically.

It says, "Grand and petit juries in the district courts shall be composed of twelve men, but nine members of a grand jury shall be a quorum to transact business and present bills." There is no authority of law for a grand jury composed of any other number of men than twelve. Thirteen do not and cannot constitute a grand jury. If thirteen could be considered a grand jury, so could one, five, fifty or any other number that the fancy of the judge organizing the same might dictate. * * * In Stell v. State, 14 Tex.App. 59, it is said: "The record must show that the jury was a legal one, and if it does not the error is a radical one, which will be considered on appeal, whether properly availed of in the court below or not, because 'due course of the law of the land' demands a legal conviction by a legal jury." If, then, a trial by jury composed of fewer or more than 12, the constitutional number, be an infringement of the right of trial by jury, and not a trial by due course of the law of the land, for the same reason the action of a body of men fewer or more than 12 in number cannot be regarded as the action of a grand jury. Such a body of men is unknown to the law, and its acts, being wholly without authority of law, are absolutely null, and a pretended indictment preferred by such a body can have no legal stand-ing or effect whatever. It cannot confer any jurisdiction of the case upon the court.' * * * In Rainey's case [Rainey v. State, 19 Tex.App. 479] we find this language: 'This error does not appear to us to be a mere irregularity, but one of fundamental and vital importance, such as renders all proceedings, each and every step in the prosecution, void. * * * This objection is not to irregularity in forming, or to the personnel of, the grand jury. The objection that it was composed of thirteen men strikes deeper. It denies that such a body of men, under our constitution, is a grand jury at all. * * * To compose a constitutional grand jury, the panel must be composed of twelve persons, neither more nor less. A greater or less number is not a grand jury. The number of persons of which the panel is composed is, in this state, a question of constitutional law; and no man can, by his consent, will, carelessness, or ignorance, constitute a grand jury to convict and punish for a felony. The party must be tried upon an indictment. What an indictment is, is a matter of law. It is the act of a grand jury. What constitutes a grand jury is a matter of law. Unless indicted by a grand jury, there is no jurisdiction in the court to try the defendant; and it will not be questioned that no man, either

by his expressed consent, laches, or ignorance, can confer jurisdiction to try for a felony.'"

See, also, Ex parte Reynolds, 35 Tex.Cr. Rep. 437, 34 S.W. 120; Hill v. State, 146 Tex.Cr.R. 333, 171 S.W.2d 880, 174 S.W.2d 733, petition dismissed 320 U.S. 806, 64 S.Ct. 72, 88 L.Ed. 487; State v. Vaughn, 132 Mo.App. 135, 112 S.W. 728; Jones v. McClaughry, 169 Iowa 281, 151 N.W. 210; Ex parte Harris, 118 Tex.Cr.R. 154, 39 S.W.2d 883; People v. Lieber, 357 Ill. 423, 192 N.E. 331; Ralls v. State, 151 Tex.Cr.R. 146, 205 S.W.2d 594, 595.

It is our opinion, and so hold, that a grand jury composed of more than twelve members is not a grand jury under our Constitution and an indictment returned by that body is void and ineffective. Article 2, § 14 of our Constitution, provides that:

"A grand jury shall be composed of such number, not less than twelve, as may be prescribed by law. * * * Until otherwise prescribed by law a grand jury shall be composed of twelve in number of which eight must concur in finding an indictment. * * *"

There are other interesting matters raised but they will not be considered in view of our disposition of this appeal.

The judgment is affirmed.

It is so ordered.

COMPTON, C. J., and SADLER, McGHEE and KIKER, JJ., concur.