## JOE CEPHAS SINGLETON V. STATE

No. 33,132.   March 22, 1961
Motion for Rehearing Overruled April 26, 1961
Second Motion for Rehearing Overruled May 24, 1961

WOODLEY, Presiding Judge, absent.

*Johns & Willard,* Beaumont, for appellant.

*Ramie H. Griffin,* Criminal District Attorney, *Jim Vollers,* Assistant Criminal District Attorney, Beaumont, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is rape; the punishment, death.

It was established by appellant's confession, the testimony of the prosecutrix, and the presence of his fingerprints on a venetian blind that it was he who broke and entered a widow's home after midnight and by means of threats and the exhibition of a knife had carnal knowledge of her without her consent.

Appellant did not testify and relied upon the defense of insanity. The state produced lay and expert witnesses who testified that he was sane, and the jury resolved this issue against appellant.

We address ourselves to the complaints raised by brief and in oral argument.

By motion to quash, appellant attacked the legality of the grand jury which indicted him.

The grand jury for the April term was discharged, and later such order was set aside and they were ordered reassembled. When they did reassemble, only eleven reported for duty, and the court ordered the sheriff to summons an additional person to complete the panel. By motion to quash the indictment, appellant attacked this procedure and now urges that the grand jury should have been completed from the original 16 names drawn by the jury commissioners. Reliance is had upon certain language contained in the opinion in Trevenio v. State, 27 Tex. App. 372, 11 S.W. 447 (1889), which would appear to support appellant's contention. We have examined Trevenio with care and have concluded that it is authority for the rule that when a grand jury is discharged and then subsequently, within the term, ordered to reassemble there should be 12 members on such reassembled grand jury. The fact that any other statements in the opinion are dicta is illustrated by the consistent holdings of this court in cases which followed Trevenio. In Millikin v. State, 107 Tex. Cr. Rep. 332, 296 S.W. 547 (1927), this Court upheld a conviction where "the judge completed the grand jury by summoning and placing thereon *one* Walter Wiedner." In Ex parte Harris, 118 Tex. Cr. Rep. 154, 39 S.W. 2d 883 (1931), this Court affirmed a conviction where "* * * the court instructed the sheriff to select one man to complete the body and O. C. Hope was substituted * * *." In Sulak v. State, 118 Tex. Cr. Rep. 112, 40 S.W. 2d 157 (1931), this Court upheld a conviction where "the court ordered the sheriff to summon two *new* jurors in their (the absent grand jurors') stead." In Henderson v. State, 149 Tex. Cr. Rep. 619, 198 S.W. 2d 268 (1946), this Court said, "We con-

fess ourselves at a loss to see where the thirteenth juror appeared, there being four absent and four *new* ones impaneled, which would seem to leave the panel at the number of twelve, as provided by law." In Jaramillo v. State, 151 Tex. Cr. R. Rep. 34, 204 S.W. 2d 622 (1947), Floyd McNeill was *not* drawn by the jury commissioners but was summoned by the sheriff to take the place of a missing grand juror, and this Court held that such procedure was authorized by Article 349, V.A.C.C.P. In the very recent case of Sandoval v. State, 162 Tex. Cr. Rep. 370, 285 S.W. 2d 222 (1955), the same procedure was again approved. Anything appearing in Trevenio which might be construed as contrary to the conclusion here reached is hereby overruled.

Appellant contends that he was denied due process because he was indicted by the grand jury prior to the day agreed upon by the parties for the holding of an examining trial. We have no statute which requires that the grand jury refrain from acting upon a case until an examining trial may be held. There is nothing in our Constitution or statutes preventing a grand jury from returning an indictment on the same day that a crime is committed. The fact that the court here ordered them to reassemble on a day prior to the day agreed upon for the holding of an examining trial could not by any means be deemed a deprivation of due process. There is no showing in this record that the grand jury were ordered reassembled for the purpose of considering appellant's case. We have no constitutional or statutory inhibitions against a grand jury returning an indictment against one who has not yet been arrested, nor is the grand jury prohibited from returning an indictment against one who has been released by a magistrate after an examining trial.

The Court of Appeals of New York in People ex rel Hirschberg v. Close, 152 N. Y. S. 2d 1, said, "* * * the grand jury had power to investigate and indict regardless of what had occurred before the magistrate and regardless of whether the magistrate had held or discharged the prisoner or still had the matter pending, or whether there had ever been such preliminary hearing." Reference is made to the cases cited in such opinion as well as U. S. v. Heideman, 21 F.R.D. 335, and Benson v. Commonwealth, 58 S.W. 2d 312, and the cases there cited.

Appellant, for the first time in his motion for new trial, attempts to raise the question of an irregularity in the selection of the venire which tried him. No motion to quash the panel was made prior to the trial, as is required by the holdings of

this court in such cases as Campbell v. State, 122 Tex. Cr. Rep. 494, 56 S.W. 2d 460; Jones v. State, 37 Tex. Cr. Rep. 433, 35 S.W. 975; and Caldwell v. State, 12 Tex. App. 302, and the cases therein cited.

Reliance is had, however, upon the holdings of the Supreme Court of the United States in Avery v. Georgia, 345 U. S. 559, 97 L. ed. 1244, 73 S. Ct. 891, and Williams v. Georgia, 349 U. S. 375, 99 L. ed. 1161, 75 S. Ct. 814.

At the hearing on the motion, it was shown that when the jury wheel was filled an alphabetical indication was typed following each name showing the sex and the race of the person whose name appeared on the card.

Avery was reversed because different colored cards were used for persons of different races plus the fact that no colored persons appeared on the panel from which Avery's jury was selected. In the case at bar, there were 20 colored persons on the venire of 150 from which this appellant's jury was drawn.

We move now to Williams, which requires a more careful discussion. In Williams, there were 4 colored persons on the list of 120. The Georgia Solicitor General took the position before the Supreme Court of Georgia that there was no showing of a denial of equal protection, but when he appeared before the Supreme Court of the United States he admitted that the system used constituted a denial of equal protection. Upon the basis of such admission, the Supreme Court of the United States remanded the case to the Supreme Court of Georgia for further consideration. Upon reconsideration of the case, the Supreme Court of Georgia adhered to their original opinion. Williams v. State, 88 S. E. 2d 376. Writ of certiorari was again applied for, and the Supreme Court of the United States denied the same (Williams v. Georgia, 350 U. S. 950, 100 L. ed 828, 76 S. Ct. 326), and a motion for rehearing was denied.

In Avery and Williams, the cards were colored so that the officer drawing from the wheel might know *before* he drew a card out of the wheel the race of the person he was drawing. In the case at bar, the card had to be drawn from the wheel *before* the officer could see the "wf" indicating that the person so drawn was a white female, or whatever the alphabetical designation indicated. Had there been no members of the colored race on the panel in the case at bar, then there is a probability that Avery

would have been controlling, but since there were 20, and since the United States Supreme Court denied the second writ in Williams, we have concluded that a denial of equal protection has not been shown.

Appellant's last complaint relates to jury argument. No objection was made at the time the argument was made. It has long been the rule in this State that "complaint of argument cannot be made for the first time in a motion for new trial or by bill of exception presented to the court after the trial is over." Ross v. State, 102 Tex. Cr. Rep. 364, 277 S.W. 667. There was a timely objection made in Clark v. State, 156 Tex. Cr. Rep. 526, 244 S.W. 2d 218, upon which appellant relies. Further, it is observed that appellant's counsel opened the question of the death penalty being a deterrent in his argument to the jury which preceded the argument here questioned. An accused may not be heard to complain of argument which he provokes. Kessler v. State, 136 Tex. Cr. Rep. 340, 125 S.W. 2d 308.

Both trial counsel and those on appeal are to be commended for their diligent efforts in appellant's behalf.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

McDONALD, Judge.

Appellant ably urges in his motion for rehearing and in oral argument that this court erred in holding that the decisions of the Supreme Court of the United States in Avery v. Georgia, supra, and in Williams v. Georgia, supra, do not control in the instant case for the reason that no actual discrimination was shown by the record.

Appellant takes the position that the United States Supreme Court's decision in the Avery case, as explained in the Williams decision, means that the danger of discrimination inherent in the system of jury selection which was struck down in the Avery case is present in this case.

We feel that a correct disposition was made of the instant case in our original opinion. We here reiterate what was stated

in that opinion: "* * * we have concluded that a denial of equal protection has not been shown," and further conclude that the facts in the case at bar refute the presence of any discrimination in jury selection.

Appellant vigorously urges that discrimination does not have to be shown, but that where there could be a danger of discrimination the decision in Avery controls.

We feel that this appellant's rights were fully safeguarded, not only because of the lack of any showing on his part that he was discriminated against but, further, that there was not present —as disclosed by the proceedings in the instant case— any actual or apparent discrimination.

We find no merit in any of the other contentions advanced by appellant's able counsel.

The motion for rehearing is overruled.