BENNIE LEE MCINTYRE V. STATE

No. 34,153.   January 31, 1962

*John Saleh,* Lamesa, and *Mitchell Williams,* Tahoka, court appointed attorneys, for appellant.

*George H. Hansard,* District Attorney, Lamesa, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is rape; the punishment, death.

Appellant's plea of guilty was amply supported by the positive testimony of the prosecutrix and appellant's confession, the voluntary nature of which is not questioned. It was shown that appellant entered a farm house in the absence of prosecutrix's husband and there, by force and by threats to kill, had carnal knowledge and committed an act of sodomy upon her.

Appellant did not testify in his own behalf but called his mother and his uncle, who established that he had never before been convicted of a felony.

We shall discuss the contentions advanced in a highly professional manner by appellant's two court-appointed attorneys, both by brief and in argument.

By Bill of Exception No. 1, it was shown that during the course of the selection of the jury an emergency arose in the family of a juror who had been accepted and qualified. When such fact became known, the court stated in open court that the State, the defendant and his attorneys would have to agree to excuse the juror or a mistrial would be declared. At this juncture, defense counsel asked for time to consult about the matter; the defendant was present "during the discussion", at the conclusion of which defense counsel stated the defendant would agree to dismiss the juror and, because defendant made no statement, the court considered that his attorneys were speaking for him.

Both the State and appellant rely upon the relatively recent opinion of this Court in Houston v. State, 162 Texas Cr. Rep. 551, 287 S.W. 2d 643. While it is true that the court in the case at bar was not as careful as the trial judge in Houston, yet it appears that he did what he thought at the time was necessary to secure the assent of the accused. He made the statement in accused's presence that unless the accused himself agreed a mistrial would be declared. A conference was then called for, and time was allowed for such conference, at the conclusion of which counsel for the appellant stated that his client had agreed, and appellant remained silent. By such silence, he lead the court to believe that his attorney was speaking for him. The case at bar differs from any which has been called to our attention because during the voir dire examination of this particular juror, who was later excused, appellant challenged such juror for cause. While it is true that the court overruled the challenge, the fact remains that such juror was at one time not of appellant's liking. It would be a strange rule which would permit an accused to complain of the excuse of a juror when he had already indicated that he did not want such person to serve on his jury.

Appellant next contends that the court erred in failing to grant his motion for change of venue. We have been cited a number of authorities in support of his position, but note at the outset that in each case the plea was that of not guilty. Here, the issue of guilt and opinions as to guilt pass out of the case when the plea of guilty is entered. There remains then only the question of punishment. We look to the voir dire examination of the jurors who actually served, in line with the reasoning employed in Williams v. State, 162 Texas Cr. Rep. 202, 283 S.W. 2d 239, to de-

termine if they had any preconceived opinion that the supreme penalty was called for in this case. At most, it can be said that two jurors said they had heard discussions by unnamed parties to the effect that *if* appellant was found guilty the electric chair was the proper punishment. Each of them denied that they had ever formed or expressed such an opinion themselves. We conclude that the court did not abuse its discretion in denying the motion for change of venue. See also Jones v. State, 240 S.W. 2d 771; Gordy v. State, 160 Texas Cr. Rep. 201, McCarley v. State, 161 Texas Cr. Rep. 263, 276 S.W. 2d 300; and Kizzee v. State, 166 Texas Cr. Rep. 191, 312 S.W. 2d 661.

Appellant urges that his motion for continuance should have been granted because (1) appellant was confined in jail in Lubbock some distance from the offices of his counsel, which fact consumed more time in the preparation of a defense, (2) they had engaged a psychiatrist in Lubbock to examine appellant and had not received his report at the time they questioned the venire, and (3) bitter feelings existed in the community and a delay would have caused them to subside.

As to the first, our attention has been called to *no* defense which appellant's counsel *now* (months after the trial) knows that he might have interposed. He does not now assert that he would have entered any plea other than that of guilty.

As to the report of the psychiatrist, we observe that when it did arrive it concluded with the statement, "It is the feeling of this examiner that Bennie Lee McIntyre is sane and responsible for his acts."

As to the last, we call attention to the holding of this Court in Gordy v. State, supra, wherein we said a motion to postpone in order that unfavorable public sentiment against appellant might subside was not a statutory motion but one addressed to the sound discretion of the trial judge. Having found that no preconceived idea as to punishment invaded the jury which tried the accused, we necessarily conclude that no abuse of discretion is shown. Since the voluntary nature of the confession was not questioned, we find it unnecessary to discuss the facts as to where or why appellant was confined after he was taken into custody. The publicity which the incident or the trial received, the fact that some of the jurors knew prosecutrix, her husband or her father, would not necessarily mean that the jury would be more inclined to inflict the death penalty. We must give some verity to the jurors' statements, under oath, that they had no precon-

ceived idea as to punishment. The fact that the officers took precautions in their handling of accused after arrest and during the course of the trial does not prove that such a hostile atmosphere existed in the community that the jury were unable to freely choose the penalty which they concluded the facts justified.

Appellant objected to the admission into evidence of certain statements found in the confession. It is his contention that the statement "I have gone to about three or four farm houses in the area around where I work with the same idea in mind, but just on my mind, and did not actually do that. I have wanted to do that with a white woman for about two or three years" constituted proof of extraneous crimes and proof that appellant was a potential rapist. This proved no other crimes because the statement conclusively shows that this was appellant's first offense. Clearly, appellant's state of mind prior to the commission of the instant offense was admissible.

His last contention is that he was denied an examining trial. The confession recites, "* * * I did not want an examining trial * * * ." The record discloses that appellant was carried before a magistrate the day after the offense was committed. The magistrate asked him if he knew the nature of the charges against him, and he replied that he did. Appellant then asked that a bond be set; such request was denied, and a few days later attorneys were appointed to represent him and he was indicted. Recently, in Singleton v. State, 171 Texas Cr. Rep. 196, 346 S.W. 2d 328, we held that an accused might not be heard to complain if the grand jury indicted him prior to the holding of an examining trial.

Finding no reversible error, the judgment of the trial court is affirmed.