James Otis CUNNINGHAM,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 76–1238
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 29, 1976.

---

\* Rule 18, 5th Cir.; *Isbell Enterprises, Inc. v. Citizens Cas. Co.*, 5 Cir., 1970, 431 F.2d 409, Part I.

James Otis Cunningham, pro se.

Stephen J. Wilkinson, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before COLEMAN, GEE and TJOFLAT, Circuit Judges.

PER CURIAM:

James Otis Cunningham, who was denied habeas relief below from his murder conviction in Texas state courts, claims on appeal that he was denied due process by incompetent counsel, by prejudicial pretrial publicity, and by the racial composition and means of selection of the grand jury that indicted him, the petit jury array, and perhaps the petit jury that tried him. Finding against appellant on all issues, we affirm.

The question of the competency in various respects of Cunningham's appointed trial counsel was raised and rejected in an earlier habeas proceeding, *Cunningham v. Estelle,* CA–3–6525E (N.D.Tex., Feb. 26, 1973), *aff'd without opinion,* 480 F.2d 922 (5th Cir. 1973), *cert. denied,* 414 U.S. 1160, 94 S.Ct. 921, 39 L.Ed.2d 113 (1974), and appellant cannot raise the same ground here by simply varying the factors that he claims demonstrate incompetency. *Sanders v. United States,* 373 U.S. 1, 15–16, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

As to appellant's claim of prejudicial pretrial publicity, his conclusory asser-

tions, unsupported by factual allegations [1] to demonstrate prejudice, are insufficient to support a due process claim. *See Woodard v. Beto,* 447 F.2d 103, 104 (5th Cir.), *cert. denied,* 404 U.S. 957, 92 S.Ct. 325, 30 L.Ed.2d 275 (1971).

In the same prior habeas proceeding, appellant raised his objection to the composition of the grand jury, and *Sanders* likewise precludes his raising that ground a second time. Furthermore, appellant's failure to raise his objection in the time and manner prescribed by state statute constitutes a waiver of that claim under Texas law. *Dumont v. Estelle,* 513 F.2d 793, 795–96 (5th Cir. 1975) (citing Texas statutes and cases); *Wilson v. Estelle,* 504 F.2d 562, 563 (5th Cir. 1974) (per curiam) (same), and under the recent Supreme Court decision of *Francis v. Henderson,* —— U.S. ——, 96 S.Ct. 1708, 48 L.Ed.2d 149, 44 U.S.L.W. 4620 (1976), *aff'g Newman v. Henderson,* 496 F.2d 896 (5th Cir. 1974), an objection to the composition of a grand jury panel that is barred by a state procedural timeliness rule is waived and cannot be raised in a collateral attack upon a conviction unless the habeas petitioner proves facts showing "cause" for his failure to make a timely challenge and "actual prejudice" resulting from the alleged deprivation. Since appellant failed to allege or prove either "cause" or "actual prejudice," below, his objection cannot now be raised.

Appellant's failure to raise his petit jury array selection claim, which waives that objection under Texas decisional law, *see, e. g., Lopez v. State,* 437 S.W.2d 268, 269 (Tex.Crim.App.1968); *Singleton v. State,* 171 Tex.Crim. 196, 346 S.W.2d 328, 330 (Tex.Crim.App.), *cert. denied,* 368 U.S. 867, 82 S.Ct. 118, 7 L.Ed.2d 64 (1961); [2] *cf.* Vernon's Ann. C.C.P. arts. 35.06, 35.07

---

1. Cunningham claims on appeal that a juror had previously read newspaper accounts of the crime. Since this claim was not presented below, we do not consider it here. *Compare Bryant v. Elliot,* 472 F.2d 572, 573 n. 1 (5th Cir. 1973).

2. Although the *Singleton* court ruled on the merits even after finding a waiver, it apparently did so as an alternate holding to satisfy Supreme Court precedent that was at the time unclear about the effect of a waiver mandated by state law.

(1966), under the reasoning of *Francis*[3] and under the settled law of this circuit, *see, e. g., Morris v. Sullivan,* 497 F.2d 544 (5th Cir. 1974) (per curiam), bars him from raising those issues in his petition for habeas relief.

 Finally, appellant appears to object to the racial composition of the petit jury that tried him. This too fails under *Francis.* Furthermore, he has no constitutional right to a jury of any particular racial composition, *Taylor v. Louisiana,* 419 U.S. 522, 538, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), and the state, through a district attorney, may use its peremptory challenges to eliminate prospective jurors on the basis of their race. *See Swain v. Alabama,* 380 U.S. 202, 209–22, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965).

AFFIRMED.

---

3. *Francis,* by its terms, applies only to grand jury discrimination claims, but its rationale encompasses objections to composition of a petit jury array as well.