NO. 07-03-0238-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 18, 2005

_____


TIMOTHY SHANE LEOCHNER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 46,248-E; HONORABLE ABE LOPEZ, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**


Following a plea of not guilty to forgery of a financial instrument, appellant Timothy Shane Leochner was convicted by a jury and punishment was assessed at two years confinement. Presenting two issues, appellant contends the trial court (1) abused its discretion in excusing a juror after the charge was read and the jury began its deliberation

because no legal circumstance occurred to prevent continuance of the juror's duty as a juror and (2) abused its discretion in excusing the juror where he, his trial counsel, and the State did not agree on the record to such separation of the jury. We affirm.

After a juror's personal concern about his service on the jury was brought to the attention of the court, the matter was discussed by the court and counsel in chambers. Before the charge was read to the jury, at a bench conference, appellant's counsel inquired about the court's decision regarding the subject juror. After discussion, appellant's trial counsel submitted a handwritten motion as follows:

> Defendant, Timothy Shane Leochner, requests the following: Excuse juror Fisher from further duty prior to jury deliberations. To prevent tainting remaining jurors, Defendant requests that the Court excuse juror Fisher, due to his knowledge of Jerry Ward.
>
> Juror Fisher requested the bailiff after the name Derek Wait was mentioned and while Defendant's attorney was out of the Courtroom.
>
> Juror Fisher stated that he was afraid that retaliation, in the form of theft, would occur if he was forced to continue as a juror. This disruption occurred following discussion of Derek Wait testifying.

Following receipt of this motion signed by appellant's counsel, the trial court excused juror Fisher. After the remaining twelve jurors heard the charge and argument, they returned a verdict of guilty.

By his first issue, appellant contends the trial court abused its discretion in excusing juror Fisher after the charge was read and the jury began its deliberation because no legal circumstance occurred to prevent continuance of the juror's duty, and by his second issue,

2

he contends the trial court abused its discretion in excusing juror Fisher where he, his trial counsel, and the State did not agree on the record to such separation. We disagree.

Both appellant and the State recognize that abuse of discretion is the appropriate standard of review. *See* Brooks v. State, 990 S.W.2d 278, 286 (Tex.Cr.App.), *cert. denied*, 528 U.S. 956, 120 S.Ct. 384,145 L.Ed.2d, S.W.2d 300 (1999). *See also* Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr.App. 1997).

In Tucker v. State, 771 S.W.2d 523, 534 (Tex.Cr.App. 1988), *cert. denied*, 492 U.S. 912, 109 S.Ct. 3230, 106 L.Ed.2d 578 (1989), the Court held that where the trial court gave the charge requested by the defendant, he could not complain of the charge on appeal. Similarly, we hold that where, as here, the trial court excused the juror pursuant to appellant's written motion, any error was invited. *See also* McIntyre v. State, 172 Tex. Crim. 510, 360 S.W.2d 875, 876 (1962), *cert. denied*, 371 U.S. 867, 83 S.Ct. 130, 9 L.Ed.2d 104 (1962), where the court observed:

> It would be a strange rule which would permit an accused to complain of the excuse of a juror when he had already indicated that he did not want such person to serve on his jury.

We conclude the trial court did not abuse its discretion by excusing juror Fisher.

Moreover, as a prerequisite to presenting a complaint for appellate review, error must be preserved as provided by Rule 33.1(a) of the Texas Rules of Appellate Procedure. Preservation of error is a systemic requirement that as a first level appellate court we

3

should review on our own motion. *See* Hughes v. State, 878 S.W.2d 142, 151 (Tex.Cr.App. 1992) (on reh'g), *cert. denied*, 511 U.S. 1152, 114 S.Ct. 2184, 128 L.Ed.2d 902 (1994); Jones v. State, 942 S.W.2d 1, 2 (Tex.Cr.App. 1997). Here, appellant does not make reference to the record where his complaints on appeal were presented to the trial court as required by Rule 33.1(a). Even assuming that the written motion was not binding on appellant, a question we do not decide, because he did not present his contentions to the trial court, error, if any, was not preserved for review. Issues one and two are overruled.

Accordingly, the judgment of the trial court is affirmed.

Per Curiam

Johnson, C.J., not participating.

4