NO. 07-05-0263-CR


 NO. 07-05-0264-CR

 NO. 07-05-0265-CR

 NO. 07-05-0266-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 24, 2006



______________________________




MIGUEL A. TIJERINA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NOS. 2004-407714, 2005-408363, 2005-408364 & 2005-408365; 



HONORABLE JIM BOB DARNELL, JUDGE


_______________________________



Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

 Following an open plea of guilty, appellant Miguel A. Tijerina was convicted of four
counts of burglary of a habitation and sentenced to 20 years confinement. In presenting
this appeal, counsel has filed an Anders (1) brief in support of a motion to withdraw. We grant
counsel's motion and affirm.

 In support of his motion to withdraw, counsel certifies he has diligently reviewed the
record, and in his opinion, the record reflects no reversible error upon which an appeal can
be predicated. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967);
Monroe v. State, 671 S.W.2d 583, 585 (Tex.App.-San Antonio 1984, no pet.). Thus, he
concludes the appeal is frivolous. In compliance with High v. State, 573 S.W.2d 807, 813
(Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities,
there is no error in the trial court's judgment. Counsel has also shown that he sent a copy
of the brief to appellant and informed appellant that, in counsel's view, the appeal is without
merit. In addition, counsel has demonstrated that he notified appellant of his right to review
the record and file a pro se response if he desired to do so. Appellant did not file a
response. Neither did the State favor us with a brief.

 By his Anders brief, counsel raises several grounds that could arguably support an
appeal. We have reviewed these grounds and made an independent review of the entire
record to determine whether there are any arguable grounds which might support an
appeal. See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988);
Bledsoe v. State, 178 S.W.3d 824 (Tex.Cr.App. 2005). We have found no such grounds
and agree with counsel that the appeal is frivolous.

 Accordingly, counsel's motions to withdraw are hereby granted and the trial court's
judgments are affirmed.

 Don H. Reavis

 Justice


Do not publish. 
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



8 U.S. 956, 120 S.Ct. 384,145 L.Ed.2d, S.W.2d 300 (1999). See also Guzman v. State,
955 S.W.2d 85, 89 (Tex.Cr.App. 1997).

 In Tucker v. State, 771 S.W.2d 523, 534 (Tex.Cr.App. 1988), cert. denied, 492 U.S.
912, 109 S.Ct. 3230, 106 L.Ed.2d 578 (1989), the Court held that where the trial court gave
the charge requested by the defendant, he could not complain of the charge on appeal. 
Similarly, we hold that where, as here, the trial court excused the juror pursuant to
appellant's written motion, any error was invited. See also McIntyre v. State, 172 Tex.
Crim. 510, 360 S.W.2d 875, 876 (1962), cert. denied, 371 U.S. 867, 83 S.Ct. 130, 9
L.Ed.2d 104 (1962), where the court observed:

 It would be a strange rule which would permit an accused to complain of the
excuse of a juror when he had already indicated that he did not want such
person to serve on his jury.


We conclude the trial court did not abuse its discretion by excusing juror Fisher.

 Moreover, as a prerequisite to presenting a complaint for appellate review, error must
be preserved as provided by Rule 33.1(a) of the Texas Rules of Appellate Procedure. 
Preservation of error is a systemic requirement that as a first level appellate court we
should review on our own motion. See Hughes v. State, 878 S.W.2d 142, 151 (Tex.Cr.App.
1992) (on reh'g), cert. denied, 511 U.S. 1152, 114 S.Ct. 2184, 128 L.Ed.2d 902 (1994);
Jones v. State, 942 S.W.2d 1, 2 (Tex.Cr.App. 1997). Here, appellant does not make
reference to the record where his complaints on appeal were presented to the trial court
as required by Rule 33.1(a). Even assuming that the written motion was not binding on
appellant, a question we do not decide, because he did not present his contentions to the
trial court, error, if any, was not preserved for review. Issues one and two are overruled. 


 Accordingly, the judgment of the trial court is affirmed.

 Per Curiam

Johnson, C.J., not participating.